William E. NORMAN, Petitioner,

v.

Marsha D. NORMAN, Respondent.

No. C–3991.

Supreme Court of Texas.

July 3, 1985.

William C. Odeneal, William E. Norman, Dallas, for petitioner.

Burt Barr, Dallas, for respondent.

PER CURIAM.

This is an attempted appeal from an order finding an alleged contemnor not to be in contempt of court. The managing conservator, Marsha D. Norman, began the present proceeding by filing a motion for contempt complaining that the possessory conservator, William E. Norman, was in arrears in his child support obligation. William filed a reply in which he pleaded as an affirmative defense that Marsha had voluntarily relinquished possession of their son to him and that he was supporting the child. *See* TEX.FAM.CODE § 14.09(e) (Vernon Supp.1985).

The trial court found William to be in arrears, but did not hold him in contempt because it found William had, in good faith, erroneously relied on § 14.09(e). The court of appeals, *en banc*, affirmed the judgment concluding that § 14.09(e) was no defense under the present facts because Marsha had not voluntarily relinquished possession of the child to William. Three judges dissented. 683 S.W.2d 548.

The court of appeals has erred in assuming jurisdiction over the present matter because an order finding a party not in contempt is not a final, appealable judgment. *Wagner v. Warnasch*, 156 Tex. 335, 295 S.W.2d 890 (1956). This court has jurisdiction to vacate the judgment of the court of appeals when it erroneously exercises its jurisdiction. *Baker v. Hansen*, 679 S.W.2d 480 (Tex.1984); *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265 (1957).

Pursuant to TEX.R.CIV.P. 483, we grant the application for writ of error, and without hearing oral argument, reverse the judgment of the court of appeals and dismiss the appeal.