COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-364-CV

IN RE THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS

------------

ORIGINAL PROCEEDING

------------

OPINION

------------

I.  INTRODUCTION

Relator The Office of the Attorney General of Texas seeks mandamus relief from the district court’s dismissal, on double jeopardy grounds, of the OAG’s appeal of the associate judge’s order in a child support enforcement action.  We hold that the dismissal was an abuse of discretion because the associate judge’s order was not a final order, so the original jeopardy was never terminated.  We conditionally grant the petition for writ of mandamus.

II.  BACKGROUND

The OAG filed a motion for enforcement against real party in interest James McClendon seeking unpaid child support and requesting the court to hold McClendon in contempt.  This motion for enforcement was referred to an associate judge, who signed an order that granted a $42,248.24 arrearage judgment against McClendon but did not mention the OAG’s request to hold McClendon in contempt.  The order is signed by the associate judge only, who apparently attempted to issue a final order because he crossed out the paragraph titled “Associate Judge’s Report” on the final page of the order.  He also put his signature on the “Order Adopting Associate Judge’s Report” signature block intended for the district court and crossed out the words “Adopting Associate Judge’s Report.”  The signature line for this block read, “Judge Presiding”; in front of these words he added “Associate” and signed his name.

The OAG appealed this order to the district court, complaining that the associate judge failed to find McClendon in contempt.  McClendon responded, in part, by asserting that the contempt issue had already been tried by the associate judge, and to retry him would place him in double jeopardy and violate his rights under the United States and Texas Constitutions.  The district court, stating that it “sustained” McClendon’s affirmative defense of double jeopardy
, affirmed the associate judge’s order
 and dismissed the appeal.  The OAG now seeks mandamus relief from the district court’s order dismissing its appeal.

III.  LAW AND APPLICATION TO FACTS

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal
.  In re Prudential Ins. Co. of Am.
, 148 S.W.3d 124, 135
‒
36 (Tex. 2004) (orig. proceeding).  A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)
.
  Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus.  
Id.
 at 840.

McClendon argues that the OAG had an adequate remedy by appeal because the district court’s order was a final order that disposed of all issues before the court.  However, an order finding a party not in contempt is not a final, appealable judgment, and an appellate court has no jurisdiction over such an order.  
Norman v. Norman
, 692 S.W.2d 655, 655 (Tex. 1985).  “Decisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable
.
”  
Cadle Co. v. Lobingier
, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied); 
see also
 
In re B.A.C.
, 144 S.W.3d 8, 10‒12 (Tex. App.—Waco 2004, no pet.) (listing cases).  
The reason that only a portion of the district court’s seemingly final order is appealable becomes clear when considered in the light of the purposes of contempt proceedings as opposed to final judgments.  

A final, appealable judgment is one that 
actually disposes of all claims and parties then before the court.  
Lehmann v. Har-Con Corp
., 39 S.W.3d 191, 192 (Tex. 2001). 
 A contempt order, on the other hand, protects the status of the court itself; the power to punish for contempt is an essential element of judicial independence and authority that enables courts to persuade parties to obey an order of the court so that the order will not be rendered ineffectual by recalcitrant litigants
.  
See Ex parte Pryor
, 800 S.W.2d 511, 512 (Tex. 1990).  “[T]he underlying concern that gave rise to the contempt power was not . . . merely the disruption of court proceedings.  Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.”  
Chambers v. NASCO, Inc
., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132 (1991) (quoting 
Young v. United States ex rel. Vuitton et Fils S.A.
, 481 U.S. 787, 798, 107 S. Ct. 2124, 2132 (1987)).  

Consequently, contempt proceedings are not concerned with disposing of all claims and parties before the court, as are judgments; instead, contempt proceedings involve a court’s enforcement of its own orders, regardless of the status of the claims between the parties before it.
  A contempt judgment may be attacked by a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved), 
see Cadle
, 50 S.W.3d at 671; however, because a contempt order is not a final judgment, a remedy by appeal does not lie.  
See Lehmann
, 39 S.W.3d at 195 (stating general rule that, with a few mostly statutory exceptions, an appeal may be taken only from a final judgment).  Neither does an appeal lie from a court’s rejection of a request to exercise its inherent power to hold a party in contempt.
  
See Norman
, 692 S.W.2d at 655; 
Cadle
, 50 S.W.3d at 671.

Accordingly, although the portion of the district court’s order affirming the associate judge’s arrearage judgment 
may be appealable, the district court’s ruling that the OAG’s contempt request is jeopardy-barred is not appealable.  Therefore, mandamus relief is available in this case.  
See 
Prudential
, 148 S.W.3d at 135
‒
36.

Turning to the double jeopardy issue, we recognize that the double jeopardy clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense.  
U.S. Const.
 amend. V.  Thus, this constitutional provision bars a second prosecution for the same offense after acquittal.  
Brown v. Ohio
, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); 
Ex parte Herron
, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh’g).   But without a final judgment (i.e., a conviction or acquittal), a defendant remains under the initial jeopardy, so a retrial for the same offense is not double jeopardy.  
See Ex parte Queen
, 877 S.W.2d 752, 754 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1115 (1995).  The OAG argues that the associate judge’s order was not a “jeopardy terminating event” because it never became final.  Accordingly, the district court’s review of the associate judge’s order was not a “second prosecution” for double jeopardy purposes.  

An order of an associate judge presiding over a Title IV-D case
(footnote: 1) becomes an order of the referring court by operation of law without need for ratification by the referring court.  
Tex. Fam. Code Ann.
 § 201.1041(a) (Vernon Supp. 2006).  However, the order automatically becomes final only if an appeal is not filed within three days of the associate judge’s ruling.  
See id.
 §§ 201.015(a) (Vernon 2002); 201.1041(a).  The ruling of an associate judge serving as a child support master is initially a proposed order, “not a final order upon signing.  It cannot become a final order of the court unless neither party appeals the master’s findings.”  
In re G.S.G.
, 145 S.W.3d 351, 354 (Tex. App.—Houston [14th Dist.] 2004, no pet.)
; 
cf. Phagan v. Aleman
, 29 S.W.3d 632, 634‒35 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (op. on reh’g) (holding that, in the context of a restricted appeal, once a timely notice of appeal of the child support master’s recommendation is filed with the trial judge, the hearing that resulted in the judgment occurred when the trial court adopted the recommendation of the associate judge).

Here, the OAG did file its notice of appeal within three days of the associate judge’s order.  Accordingly, the associate judge’s order was not final.  Without a final order, the double jeopardy prohibition did not come into play because McClendon remained under the initial jeopardy.  
See Queen
, 877 S.W.2d at 754
.
(footnote: 2)  Accordingly, the doctrine of 
double jeopardy did not bar the district court’s review of the order, and the trial court abused its discretion by concluding otherwise.  
See 
Walker
, 827 S.W.2d at 840.

We conditionally grant the writ of mandamus and direct the district court to vacate that portion of its July 13, 2006 order dismissing the OAG’s appeal of the associate judge’s order on the grounds of double jeopardy and to proceed with the OAG’s appeal.  A writ will issue only if the court fails to do so.

BOB MCCOY

JUSTICE

PANEL A: DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:
  January 25, 2007

FOOTNOTES
1:
A Title IV-D case is an action in which services are provided by the Title IV-D agency under Part D, Title IV, of the federal Social Security Act, relating to, among other things, the establishment, modification, or enforcement of a child support obligation.  
Tex. Fam. Code Ann.
 § 101.034 (Vernon 2002).

2:
In a similar context, the appellate court held that double jeopardy principles were not violated when the State appealed an associate judge’s juvenile delinquency sentencing recommendation to the district court.  
See In re D.G.
, No. 05-01-00208-CV, 2002 WL 338875, at *1 (Tex. App.—Dallas March 5, 2002, pet. denied) (mem. op.) (not designated for publication). 
 
Because the district court was free to adopt, modify, or reject the associate judge’s recommendation, the associate judge’s recommendation was not a final judgment against the defendant.  
See id.