02-10-398-CV












 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00398-CV

 

 


 
 
 Jon Skelton and Skelton Investments, LLC
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Plainscapital
 Bank
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 211th District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

         
Appellants Jon Skelton and Skelton Investments, LLC attempt
to appeal from the trial court’s “Contempt Judgment,” in which the trial court
held Jon— individually and as an officer of Skelton Investments, LLC—in
contempt for failing to comply with a postjudgment
turnover order.  In a letter dated December 30, 2010, we notified
Appellants that we were concerned that we might not have jurisdiction over this
appeal because the order they were attempting to appeal from does not appear to
be a final judgment or appealable interlocutory order.  We stated that
unless Appellants or any party desiring to continue the appeal filed a response
showing grounds for continuing the appeal on or before January 10, 2011, the
appeal could be dismissed for want of jurisdiction.  See Tex. R.
App. P. 42.3(a), 44.3.  Appellants requested a two-week extension, until
January 24, 2011, which was granted.  Appellants thereafter filed a response on January 27, 2011, that does not show grounds for
continuing this appeal.

         
The general rule, with a few exceptions, is that an appeal may be taken only
from a final judgment.  Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001).  A final, appealable judgment is one that actually
disposes of all claims and parties then before the court.  Id. 
A contempt order, on the other hand, involves a court’s enforcement of its own
orders.  In re Office of the Attorney Gen. of Tex., 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig.
proceeding).  Consequently, contempt proceedings are not concerned with
disposing of all claims and parties before the court, as are judgments.  Id. 
A contempt judgment may be attacked by a petition for writ of habeas corpus (if
the contemnor is confined) or a petition for writ of mandamus (if no
confinement is involved); however, because a contempt order is not a final
judgment, a remedy by appeal does not lie.  Id.
at 915–16.

Although
the postjudgment turnover order—upon which the
contempt order is based—is a final appealable order, that is not the order that
Appellants are attempting to appeal from.  Instead, Appellants are
attempting to appeal from the trial court’s order holding Jon in contempt for
not complying with the postjudgment turnover order,
and this contempt order is not a final, appealable order.  Appellants cite
no authority, and we have found none, providing for an interlocutory appeal to
be taken from a trial court’s contempt order.  See generally Tex.
Civ. Prac. & Rem. Code Ann. §
51.014(a) (Vernon 2008) (listing appealable interlocutory orders and not
including contempt orders).  We thus lack subject matter
jurisdiction over the contempt order that Appellants attempt to appeal.  See
In re Office of the Attorney Gen. of Tex., 215 S.W.3d at 915–16.

         
 Because Appellants’ complaints do not concern a final judgment or
appealable order, we dismiss this appeal for lack of jurisdiction.  See
Tex. R. App. P. 42.3(a), 43.2(f).

 

PER CURIAM

 

PANEL: 
WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED:  March 10,
2011

 

 














[1]See
Tex. R. App. P. 47.4.