

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00398-CV

JON SKELTON AND SKELTON INVESTMENTS, LLC

APPELLANTS

V.

PLAINSCAPITAL BANK

APPELLEE

----------

## FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants Jon Skelton and Skelton Investments, LLC attempt to appeal from the trial court's "Contempt Judgment," in which the trial court held Jon—individually and as an officer of Skelton Investments, LLC—in contempt for failing to comply with a postjudgment turnover order. In a letter dated December 30, 2010, we notified Appellants that we were concerned that we might not have

---

[1]See Tex. R. App. P. 47.4.

jurisdiction over this appeal because the order they were attempting to appeal from does not appear to be a final judgment or appealable interlocutory order. We stated that unless Appellants or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before January 10, 2011, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Appellants requested a two-week extension, until January 24, 2011, which was granted. Appellants thereafter filed a response on January 27, 2011, that does not show grounds for continuing this appeal.

The general rule, with a few exceptions, is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final, appealable judgment is one that actually disposes of all claims and parties then before the court. *Id.* A contempt order, on the other hand, involves a court's enforcement of its own orders. *In re Office of the Attorney Gen. of Tex.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig. proceeding). Consequently, contempt proceedings are not concerned with disposing of all claims and parties before the court, as are judgments. *Id.* A contempt judgment may be attacked by a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved); however, because a contempt order is not a final judgment, a remedy by appeal does not lie. *Id.* at 915–16.

Although the postjudgment turnover order—upon which the contempt order is based—is a final appealable order, that is not the order that Appellants are

2

attempting to appeal from. Instead, Appellants are attempting to appeal from the trial court's order holding Jon in contempt for not complying with the postjudgment turnover order, and this contempt order is not a final, appealable order. Appellants cite no authority, and we have found none, providing for an interlocutory appeal to be taken from a trial court's contempt order. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon 2008) (listing appealable interlocutory orders and not including contempt orders). We thus lack subject matter jurisdiction over the contempt order that Appellants attempt to appeal. *See In re Office of the Attorney Gen. of Tex.*, 215 S.W.3d at 915–16.

Because Appellants' complaints do not concern a final judgment or appealable order, we dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: March 10, 2011

3