02-12-082-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00082-CV

 

 


 
 
 In the Interest of L.S., A.S., and M.S., Children
 
 
  
 
 
  
 
 


 

----------

 

FROM THE 431st
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

J.S.
attempts to appeal from the trial court’s “Order Holding
Respondent in Contempt and for Commitment to County Jail,” in which the trial
court held appellant in contempt for failing to comply with
certain provisions of temporary orders and an agreed divorce decree.  On
February 29, 2012, we notified appellant of our concern that we might not have
jurisdiction over this appeal because the order he is attempting to appeal from
does not appear to be a final judgment or appealable interlocutory order.  We
stated that unless appellant or any party desiring to continue the appeal filed
a response showing grounds for continuing the appeal on or before March 12,
2012, the appeal could be dismissed for want of jurisdiction.  See
Tex. R. App. P. 42.3(a), 44.3.  Appellant and appellee both filed responses;
neither response shows grounds for continuing this appeal.

The
general rule, with a few exceptions, is that an appeal may be taken only from a
final judgment.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex.
2001).  A final, appealable judgment is one that actually disposes of all
claims and parties then before the court.  Id.  A contempt
order, on the other hand, involves a court’s enforcement of its own orders.  In
re Office of the Attorney Gen. of Tex., 215 S.W.3d 913, 915 (Tex. App.—Fort
Worth 2007, orig. proceeding).  Consequently, contempt
proceedings are not concerned with disposing of all claims and parties before
the court.  Id.  A contempt judgment may be attacked by
a petition for writ of habeas corpus (if the contemnor is confined) or a
petition for writ of mandamus (if no confinement is involved); however, because
a contempt order is not a final judgment, a remedy by appeal
does not lie.  Id. at 915–16.

The
order appellant is attempting to appeal is not a final, appealable order.  Appellant
cites no authority, and we have found none, providing for an interlocutory
appeal to be taken from a trial court’s contempt order.  See
generally Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West Supp. 2011)
(listing appealable interlocutory orders and not including contempt
orders).  We thus lack subject matter jurisdiction over this appeal.  See In
re Office of the Attorney Gen. of Tex., 215 S.W.3d at 915–16.

Accordingly,
we dismiss this appeal for lack of jurisdiction.[2]
 See Tex. R. App. P. 42.3(a), 43.2(f).  We deny appellee’s request for
rule 45 damages.

 

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  March 22, 2012









[1]See Tex. R. App. P. 47.4.





[2]Because we lack
jurisdiction over the appeal, we also dismiss appellant’s “Emergency Motion for
Stay Pending Appeal.”