

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00082-CV

IN THE INTEREST OF L.S., A.S.,
AND M.S., CHILDREN

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

J.S. attempts to appeal from the trial court's "Order Holding Respondent in Contempt and for Commitment to County Jail," in which the trial court held appellant in contempt for failing to comply with certain provisions of temporary orders and an agreed divorce decree. On February 29, 2012, we notified appellant of our concern that we might not have jurisdiction over this appeal because the order he is attempting to appeal from does not appear to be a final judgment or appealable interlocutory order. We stated that unless appellant or any party desiring to continue the appeal filed a response showing grounds for

---

[1]*See* Tex. R. App. P. 47.4.

continuing the appeal on or before March 12, 2012, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant and appellee both filed responses; neither response shows grounds for continuing this appeal.

The general rule, with a few exceptions, is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final, appealable judgment is one that actually disposes of all claims and parties then before the court. *Id.* A contempt order, on the other hand, involves a court's enforcement of its own orders. *In re Office of the Attorney Gen. of Tex.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig. proceeding). Consequently, contempt proceedings are not concerned with disposing of all claims and parties before the court. *Id.* A contempt judgment may be attacked by a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved); however, because a contempt order is not a final judgment, a remedy by appeal does not lie. *Id.* at 915–16.

The order appellant is attempting to appeal is not a final, appealable order. Appellant cites no authority, and we have found none, providing for an interlocutory appeal to be taken from a trial court's contempt order. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West Supp. 2011) (listing appealable interlocutory orders and not including contempt orders). We

thus lack subject matter jurisdiction over this appeal. *See In re Office of the Attorney Gen. of Tex*., 215 S.W.3d at 915–16.

Accordingly, we dismiss this appeal for lack of jurisdiction.[2] *See* Tex. R. App. P. 42.3(a), 43.2(f). We deny appellee's request for rule 45 damages.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: March 22, 2012

---

[2]Because we lack jurisdiction over the appeal, we also dismiss appellant's "Emergency Motion for Stay Pending Appeal."