

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

**NO. 02-13-00083-CV**

CHARLES "CHUCK" BAYNE                                       APPELLANT

V.

THE STATE OF TEXAS                                             APPELLEE

----------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On March 5, 2013, appellant Charles "Chuck" Bayne filed a notice of appeal from two orders related to contempt proceedings against him. Specifically, appellant's notice of appeal states that he desires to appeal from an August 1, 2011 order and a February 6, 2013 order. In the August 1, 2011 order, the trial court found appellant in contempt, sentenced him to 180 days' confinement, suspended the imposition of that sentence, and placed him on

---

[1]*See* Tex. R. App. P. 47.4.

community supervision for two years with explicit conditions. In the February 6, 2013 order, the trial court terminated appellant's community supervision in the "interests of [j]ustice."

After receiving appellant's notice of appeal, we sent him a letter expressing our concern that we lack jurisdiction over the appeal because, in part, mandamus is the proper avenue for attacking a contempt judgment when a contemnor is not restrained. We invited appellant to file a response showing grounds for continuing the appeal, and although he filed a response,[2] it does not provide a basis for our jurisdiction because contempt orders are not subject to being challenged by a direct appeal. *See In re Office of Attorney Gen. of Tex.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig. proceeding) (explaining that "[d]ecisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable"); *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pets. denied) (en banc) (stating the same and explaining that a "contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved)"); *see also In re A.P.*, No. 10-08-00338-CV, 2010 WL 3342001, at *1 (Tex. App.—Waco Aug. 25, 2010, no pet.) (mem. op.) (citing three cases for the

---

[2]Appellant's response to our jurisdictional letter stated, in part, that he seeks to vacate and expunge the contempt judgment against him.

2

proposition that orders related to community supervision arising from a contempt judgment are not reviewable by a direct appeal).

Because we do not have jurisdiction over appellant's attempted appeal from the trial court's contempt orders, we dismiss this appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Cadle Co.*, 50 S.W.3d at 671.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: July 18, 2013