# NO. 12-12-00096-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BUSTER FITZGERALD,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | | |
| | § | *COUNTY COURT AT LAW NO. 2* |
| *THE CADLE COMPANY, AS*<br>*ASSIGNEE OF TYLER NATIONAL*<br>*BANK,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

In six issues, Buster Fitzgerald challenges the trial court's judgment granting The Cadle Company's motion for contempt and sanctions and finding Fitzgerald in contempt. We dismiss for want of jurisdiction.

### BACKGROUND

Cadle sent Fitzgerald a request for production of documents and a notice of postjudgment deposition. Fitzgerald did not respond, and Cadle filed a motion to compel. Cadle sent Fitzgerald a copy of the motion, the supporting brief, and notice of the hearing on the motion, but again, Fitzgerald did not respond. After the hearing, which Fitzgerald did not attend, the trial court granted Cadle's motion to compel. The order granting the motion directed Fitzgerald to produce all responsive documents and to appear for his deposition on the dates specified in the order. Fitzgerald did not comply with the trial court's order, and Cadle filed a motion for contempt and sanctions.

The trial court set a hearing on Cadle's motion, and issued a show cause order and writ directing Fitzgerald to appear at the hearing. However, Fitzgerald did not appear. Thereafter, the trial court signed a judgment finding Fitzgerald in contempt for failing to attend the show

cause hearing and ordered a writ of attachment. Fitzgerald "turned himself in," accompanied by his attorney. Ultimately, the trial court set another hearing, Fitzgerald appeared, and the court found him in contempt for violating its order compelling him to produce documents and appear for his deposition. Fitzgerald posted a $25,000.00 surety bond to suspend the judgment of contempt, and filed a notice of appeal.

**J<small>URISDICTION</small>**

The general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final, appealable judgment is one that actually disposes of all claims and parties then before the court. *Id*. But a contempt order involves a court's enforcement of its own orders. *Ex parte Pryor*, 800 S.W.2d 511, 512 (Tex. 1990). And a trial court can enforce its orders by contempt, regardless of the status of the claims between the parties before it. *In re Office of Attorney Gen. of Tex.*, 215 S.W.3d 913, 915-16 (Tex. App.–Fort Worth 2007, orig. proceeding). In other words, contempt proceedings are not concerned with disposing of all claims and parties before the court, as are judgments. *Id*. Therefore, an order finding a party in contempt is not a final, appealable judgment, and an appellate court has no jurisdiction to review a contempt order by direct appeal. *See Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985) (per curiam); *In re Office of Attorney Gen. of Tex.*, 215 S.W.3d at 914.

Here, Fitzgerald attempts to appeal the trial court's contempt judgment. However, the judgment is not final and appealable, and we therefore do not have jurisdiction of the appeal. *See Lehmann*, 39 S.W.3d at 195; *Norman*, 692 S.W.2d at 655. Accordingly, we *dismiss* Fitzgerald's appeal for *lack of jurisdiction*. All pending motions are *overruled*.

**J<small>AMES</small> T. W<small>ORTHEN</small>**
Chief Justice

Opinion delivered March 12, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 12, 2014**

**NO. 12-12-00096-CV**

**BUSTER FITZGERALD,**
Appellant
V.
**THE CADLE COMPANY, AS ASSIGNEE OF TYLER NATIONAL BANK,**
Appellee

Appeal from the County Court at Law No 2

of Smith County, Texas (Tr.Ct.No. 28,156-A)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, and J., Hoyle.*

# THE STATE OF TEXAS
# M A N D A T E
**********************************************

**TO THE COUNTY COURT AT LAW NO 2 OF SMITH COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 11 day of March, 2014 , the cause upon appeal to revise or reverse your judgment between

**BUSTER FITZGERALD, Appellant**

**NO. 12-12-00096-CV; Trial Court No. 28,156-A**

James T. Worthen, Chief Justice.

**THE CADLE COMPANY, AS ASSIGNEE OF TYLER NATIONAL BANK, Appellee**

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the xx day of March, 2014.

CATHY S. LUSK, CLERK

By: _Katrina McClenny_
Chief Deputy Clerk