# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-12-00696-CV

**Daniel Caldwell, Appellant**

**v.**

**Jennifer Garfutt, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 09-3577-FC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## S U P P L E M E N T A L   O P I N I O N

Caldwell has filed a motion for rehearing asking this Court to construe his first and third issues as an attempt to invoke the original jurisdiction of this Court by way of a writ of mandamus. We grant his motion and issue this supplemental opinion to address his first and third issues to the extent they request mandamus relief.[1] *See Haffelfinger v. Adams*, No. 03-12-00512-CV, 2013 Tex. App. LEXIS 14197, at *3–4 (Tex. App.—Austin Nov. 21, 2013, no pet.) (mem. op.) (construing briefing as an attempt to invoke original jurisdiction of this Court).

"To be entitled to mandamus relief, a relator must demonstrate that (1) the trial court clearly abused its discretion, and (2) the relator has no adequate remedy by appeal." *In re Reece*,

---

[1] Because we have granted his motion for rehearing to consider the substance of his first and third issues, we dismiss as moot Caldwell's alternative request for reconsideration en banc seeking the same relief.

341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). Because appellate courts generally lack jurisdiction to review contempt orders on direct appeal, Caldwell has no adequate remedy by appeal. *See In re Office of Attorney Gen.*, 215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007, orig. proceeding). The controlling issue then is whether Caldwell has demonstrated that the trial court clearly abused its discretion. "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law.'" *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (citation omitted). In this context, we turn to Caldwell's first and third issues.

In his first issue, Caldwell argues that the contempt order is void because the trial court failed to comply with section 157.163 of the Family Code prior to holding him in contempt. *See* Tex. Fam. Code § 157.163. He contends that the trial court failed to inform him that he had the right to be represented by an attorney or a court-appointed attorney if he was indigent. Section 157.163 states in pertinent part:

> (a) In a motion for enforcement or motion to revoke community service, the court must first determine whether incarceration of the respondent is a possible result of the proceedings.
>
> (b) If the court determines that incarceration is a possible result of the proceedings, the court shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney.

*Id.* § 157.163(a)–(b). Caldwell urges that "incarceration [was] a possible result of the proceedings." *See id.*

2

The trial court's order was based on the parties' agreement that, although Caldwell was in contempt for failure to pay child support, health insurance premiums, and uninsured medical expenses, his commitment would be suspended. At the hearing, Caldwell testified about the parties' agreement and confirmed that he knew he had the right to hire an attorney. At the hearing, Caldwell testified:

[Garfutt's counsel]: And you're representing yourself today, correct?

[Caldwell]: Yes, sir.

[Garfutt's counsel]: You know that you have the right to hire your own attorney, but you're agreeing to make these agreements today on your own, is that your understanding?

[Caldwell]: Yes, sir.

[Garfutt's counsel]: And you're making them voluntarily?

[Caldwell]: Reluctantly, but voluntarily. Does that qualify?

[Court]: Yes, sir, that qualifies just fine.

The record also shows that the trial court previously sustained a contest to an affidavit of indigence that Caldwell had filed and that Caldwell had previously been represented by counsel. In this context, we conclude that Caldwell has not demonstrated that the trial court clearly abused its

discretion based on section 157.163 and overrule Caldwell's first issue.[2]  *See id.*; *Walker*, 827 S.W.2d at 839.

In his third issue, Caldwell argues that the contempt order is unenforceable because it exceeds the parties' agreement, imposes criminal contempt, and is vague.  His primary complaint is that the parties' agreement did not distinguish between civil and criminal contempt.  *See In re Reece*, 341 S.W.3d at 365 (describing differences between criminal and civil contempt). "To be enforceable by contempt, a decree must 'set forth the terms of compliance in clear, specific and unambiguous terms so that the person charged with obeying the decree will readily know exactly what duties and obligations are imposed upon him.'" *Ex parte Acker*, 949 S.W.2d 314, 317 (Tex. 1997) (quoting *Ex parte Chambers*, 898 S.W.2d 257, 260 (Tex. 1995)).  The order holding Caldwell in contempt addresses civil and criminal contempt separately and states the amounts that he must pay and when the payments are due.  Thus the order "sets forth the terms of compliance in clear, specific and unambiguous terms" so that Caldwell "readily know[s] exactly what duties and obligations are imposed upon him." *See id*.  Based on our review of the order, we conclude that

---

[2]  Caldwell cites *Ex parte Acker*, 949 S.W.2d 314 (Tex. 1997), to support his position that the contempt order is void.  We find the facts and procedural posture of *Acker* distinguishable.  Similar to the facts in this case, the trial court rendered judgment of contempt in accordance with the parties' agreement, and the relator was not represented by counsel. *See id*. at 315.  But relator's right to an attorney does not appear to have been raised or addressed at all during the contempt proceeding in *Acker*. *See id*. at 315–16.  In contrast, Caldwell expressly testified that he knew he had the right to an attorney.  Further, unlike this case, the ex-husband in *Acker* had filed a motion to revoke the suspension of commitment, which motion was granted, and the relator was actually confined and sought a petition for writ of habeas corpus. *Id*.  In that context, the supreme court held that "the court's failure to admonish [relator] of her right to counsel renders the *commitment* arising from the [ ] contempt order void." *Id*. at 316 (emphasis added).

Caldwell has not demonstrated that the trial court clearly abused its discretion as to the "terms of compliance" to support mandamus relief and overrule Caldwell's third issue.

Thus, to the extent Caldwell seeks mandamus relief in his first and third issues, we deny this request.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Filed:   April 17, 2014