

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00197-CV

IN THE INTEREST OF B.W.B.,
M.P.B., AND P.M.B., CHILDREN

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NO. D2006220

----------

### MEMORANDUM OPINION[1]

----------

On June 13, 2014, appellant C.A.B. filed a notice of appeal from an order holding her in contempt. On June 19, 2014, we sent her a letter expressing our concern that we lacked jurisdiction over the appeal because the order did not appear to be a final judgment or appealable order. We invited appellant to file a

---

[1]*See* Tex. R. App. P. 47.4.

response showing grounds for continuing the appeal, but she has not filed any response.

Although the order allows appellant to post bond to suspend her commitment "pending appeal," contempt orders are not subject to being challenged by a direct appeal. *See In re Office of Attorney Gen. of Tex.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig. proceeding) ("Decisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable."); *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pets. denied) (en banc) (stating the same and explaining that a "contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved)"). Therefore, because we do not have jurisdiction over appellant's attempted appeal from the trial court's contempt order, we dismiss this appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Cadle Co.*, 50 S.W.3d at 671.

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DELIVERED: July 24, 2014

2