# NO. 12-18-00146-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM RUNNELS,* *APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *DOMANITA CRADDOCK NEAL,* *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

---

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant, William Runnels, acting pro se, appeals from the trial court's April 2018 orders (1) holding him in contempt for failure to make court-ordered child support payments and violating the possession and access order, and (2) committing him to the Gregg County jail for a period of 180 days for each act of contempt, to run concurrently.[1] Appellee, Domanita Craddock Neal, filed a motion to dismiss the appeal on grounds that the challenged orders are not appealable. On July 6, 2018, this Court requested a response to Neal's motion, to be filed on or before July 16. Aside from filing a motion to dismiss Neal's motion on procedural grounds, we received no response from Runnells on the merits of Neal's motion.[2] We dismiss the appeal, in part, for want of jurisdiction.

---

[1] According to the trial court's contempt order, (1) Runnels was ordered to make periodic child support payments of $179.20 per month beginning on December 1, 2016, (2) a subsequent temporary order reduced the amount to $100 per month beginning February 1, 2017 through May 1, with the amount then returning to $179.20, (3) Runnels failed to comply with these orders, and (4) Runnels violated the court's possession order on two occasions by picking the children up from school on days when he did not have visitation. In addition to the contempt order, the trial court signed a commitment order and an amended commitment order.

[2] This Court overruled Runnels's motion to dismiss, in which he complained that Neal's motion should be dismissed for failure to serve and conference with Runnels. Neal's motion contained a certificate of service, which constitutes prima facie evidence of service. *See In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009); *see* TEX. R. APP. P. 9.5(b), 10.1(a)(4). Moreover, Runnels's motion in response to Neal's motion further evidences his receipt of the motion. Regarding the absence of a certificate of conference, because Runnels filed a motion to dismiss in response to Neal's

<u>**APPEALABLE ORDER**</u>

In her motion to dismiss Runnels's appeal, Neal contends that the trial court's contempt and commitment orders are not appealable and, consequently, Runnels's appeal should be dismissed. We agree to the extent Runnels challenges those particular rulings.

A contempt order "protects the status of the court itself; the power to punish for contempt is an essential element of judicial independence and authority that enables courts to persuade parties to obey an order of the court so that the order will not be rendered ineffectual by recalcitrant litigants." *In re Office of Atty Gen. of Tex.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig. proceeding). The concern underlying the contempt power is both the disruption of court proceedings and the disobedience to the orders of the judiciary, regardless of whether that disobedience interfered with the conduct of trial. *Id*. "Consequently, contempt proceedings are not concerned with disposing of all claims and parties before the court, as are judgments; instead, contempt proceedings involve a court's enforcement of its own orders, regardless of the status of the claims between the parties before it." *Id*. at 915–16. Thus, contempt orders are not appealable, even if appealed along with an appealable judgment. *Id*. at 915; *see Norman v. Norman*, 692 S.W.2d 655 (Tex. 1985).

Because the trial court's contempt and commitment orders are not appealable, we lack jurisdiction over Runnels's appeal to the extent he challenges the trial court's finding of contempt or its ruling committing Runnels to county jail. *See In re Office of Atty Gen. of Tex.*, 215 S.W.3d at 915; *see also Norman*, 692 S.W.2d at 655; *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 n.1 (Tex. App.—El Paso 2010, no pet.). However, in his notice of appeal, Runnels expresses his desire to appeal the "entire judgment." In addition to finding that Runnels failed to make sixteen child support payments in their entirety and made only a portion of the December 2017 payment, the trial court found that:

> …Respondent had the ability to pay child support in the amounts and on the dates ordered as set out above and that Respondent is guilty of a separate act of contempt for each such separate failure to pay child support in the amounts ordered.

---

motion, there would be no purpose in striking Neal's motion and requiring a conference. *See Burns v. Seascape Owners Ass'n, Inc.*, No. 01-11-00752-CV, 2012 WL 3776513, at *10 n.4 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, no pet.) (mem. op.); *see* TEX. R. APP. P. 10.1(a)(5). Additionally, this Court may suspend a rule's operation in a particular case, and allow a different procedure, in order to expedite a decision or for other good cause. TEX. R. APP. P. 2.

...at the time the motion requesting withholding from earnings for child support was filed, Respondent had been in arrears for an amount due for more than thirty days and the amount of the arrearages was an amount equal to or greater than that due for a one-month period.

...all arrearages and current child support amounts should be withheld from Respondent's earnings.

Accordingly, the trial court's contempt order also includes a ruling on arrearages, which is unrelated to contempt and is independently appealable. *See **Hooper v. Hooper***, No. 14-09-01024-CV, 2011 WL 334198, at *1 (Tex. App.—Houston [14th Dist.] Feb. 3, 2011, no pet.) (mem. op.) ("[c]ourts have allowed appeals of rulings regarding unrelated issues that occur in contempt proceedings," such as whether a child support arrearage exists); *see also **Pedregon v. Pedregon***, No. 08-05-00236-CV, 2005 WL 2593660, at *1 (Tex. App.—El Paso Oct. 13, 2005, no pet.) (mem. op.) (portion of order holding appellant in contempt and suspending commitment is not appealable, but portion granting judgment for arrearages is appealable). Thus, while we lack jurisdiction to consider the trial court's orders finding Runnels in contempt and committing him to the county jail, we may properly evaluate any error assigned to the trial court's arrearages ruling. *See **Hooper***, 2011 WL 334198, at *1; *see also **Pedregon***, 2005 WL 2593660, at *1.

## DISPOSITION

Having determined that the trial court's contempt and commitment rulings are not appealable, we ***grant in part*** Neal's motion to dismiss, and we ***dismiss*** Runnels's appeal with respect to those specific portions of the trial court's orders. *See* TEX. R. APP. P. 42.3(a). This dismissal does not affect Runnels's appeal from the trial court's order granting judgment for arrearages.

Opinion delivered July 25, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 25, 2018**

**NO. 12-18-00146-CV**

**WILLIAM RUNNELS,**
Appellant
V.
**DOMANITA CRADDOCK NEAL,**
Appellee

Appeal from the 124th District Court
of Gregg County, Texas (Tr.Ct.No. 2007-2400-B)

THIS CAUSE came to be heard on the appellate record and the Appellee's motion to dismiss; and the same being considered, it is the opinion of this Court that Appellant's appeal from the trial court's orders of contempt and commitment should be dismissed for want of jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the appeal be, and the same is, hereby **dismissed, in part, for want of jurisdiction**; and that this decision be certified to the court below for observance. This dismissal does not affect the appeal from the trial court's order granting judgment for arrearages.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*