

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00084-CV

IN THE INTEREST OF J.E.B., A CHILD

On Appeal from the 345th District Court
Travis County, Texas
Trial Court No. D-1-FM-12-005244

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Frank Bustoz filed a notice of appeal on September 7, 2018, and a second notice of appeal on September 14, 2018, both emanating from a unitary trial court proceeding in the 354th Judicial District Court of Travis County.[1]  We conclude that we do not have jurisdiction over Bustoz' appeal.

We reviewed the clerk's record and determined that it did not include an order relating to the September 7 notice of appeal.  We further noted that the September 14 notice of appeal was an attempted appeal from the trial court's interlocutory order denying Bustoz' motion to disqualify counsel for Bearden.

In response to our October 16, 2018, notification to Bustoz that the record did not include an order relating to the September 7 notice of appeal, Bustoz provided this Court with the trial court's October 10, 2018, "Order on Frank Bustoz Jr.'s Motion For Enforcement Of Visitation Order, Petition For Writ of Habeas Corpus And Emergency Motion For Return Of Child, And Writ Of Attachment" relative to the September 7 notice.

It has long been the law in the State of Texas that decisions in contempt proceedings are not reviewable on direct appeal.  *Hooper v. Hooper*, No. 14-09-01024-CV, 2011 WL 334198, at *1 (Tex. App.— Houston [14th Dist.] Feb. 3, 2011, no pet.) (mem. op.) (citing *In re Office of Attorney Gen. of Tex.*, 215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007, orig. proceeding));

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

*see Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985) (holding that appellate court lacked jurisdiction over direct appeal from order finding party not in contempt). "A ruling denying a motion for contempt can be challenged only by an original proceeding." *Hooper*, 2011 WL 334198, at \*1.

There is a line of cases that allow a direct appeal from rulings made *during* a contempt proceeding when the rulings involve issues wholly unrelated to the issue of contempt, assuming such issues are otherwise appealable. For example, "[i]f a motion to enforce includes a request for both a contempt finding and a money judgment for child support arrearage, an appellate court has jurisdiction to address the arrearage judgment because it is unrelated to the contempt order." *In re E.H.G.*, No. 04-08-00579-CV, 2009 WL 1406246, at \*5 (Tex. App.—San Antonio May 20, 2009, no pet.) (mem. op.). However, the motion to enforce filed in this matter includes nothing more than a request for a contempt finding. "We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (citing TEX. R. CIV. P. 71). Consequently, we lack jurisdiction to hear this direct appeal from the trial court's October 10 order denying Bustoz' motion to enforce visitation.

By letter dated October 31, 2018, we informed Bustoz of this potential defect in our jurisdiction and afforded him the opportunity to demonstrate proper grounds for our retention of his appeal of the trial court's October 10 order. Bustoz did not file a response to our letter.

The September 14 notice of appeal purports to notice Bustoz' appeal from the trial court's September 14, 2018, interlocutory order denying his motion to disqualify counsel for Bearden.

3

The jurisdiction of an appellate court is constitutional and statutory in nature. *See* Tex. Const. art. V, § 6; Tex. Gov't Code Ann. § 22.220 (West Supp. 2018). Stated differently, in the absence of a specific grant of jurisdiction by the Texas Constitution or the Texas Legislature, an appellate court lacks jurisdiction to act. The question, then, is whether either the Texas Constitution or the Texas Legislature has granted this Court jurisdiction to hear the type of appeal that Bustoz noticed. The law is clear in Texas that an interlocutory order denying a motion to disqualify opposing counsel is not immediately appealable. *See Hermida-Lara v. Rosas*, No. 01-13-00639-CV, 2013 WL 5434678, at *1 (Tex. App.—Houston [1st Dist.] Sept. 26, 2013, no pet.) (mem. op.).

By letter dated October 16, 2018, we informed Bustoz of this potential defect in our jurisdiction and afforded him the opportunity to demonstrate proper grounds for our retention of his appeal of the trial court's September 14 order. While Bustoz filed a response, he failed to identify any authority to contradict the conclusion that we are without jurisdiction over the appeal of the trial court's September 14 order.

In light of the foregoing, we dismiss the appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:     December 4, 2018
Date Decided:       December 5, 2018

4