

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00019-CV

_____

IN THE INTEREST OF J.R.-H. AND A.R.-H., CHILDREN

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 15-08449-211

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

On January 18, 2023, Appellant R.R. filed a notice of appeal from the trial court's May 27, 2021 "Order Holding Respondent [R.R.] in Contempt, Granting Judgment, and for Commitment to County Jail." We informed R.R. by letter that we were concerned that we did not have jurisdiction over this appeal because contempt orders generally are not appealable. *See In re Janson*, 614 S.W.3d 724, 727 (Tex. 2020) (orig. proceeding); *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.— Fort Worth 2001, pets. denied) (en banc op. on reh'g). We stated that unless R.R. or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. R.R. filed two responses, but they do not show grounds for continuing the appeal.

We have previously summarized the law on the appealability of contempt orders as follows:

> "Decisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable." *In re Off*[.] *of* [*Att'y*] *Gen. of Tex.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig. proceeding) (quoting *Cadle Co. . . .* , 50 S.W.3d [at] 671 . . . ); *see Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983). Contempt orders involving confinement may be reviewed by writ of habeas corpus; contempt orders that do not involve confinement may be reviewed only through mandamus. *Off*[.] *of* [*Att'y*] *Gen. of Tex.*, 215 S.W.3d at 916; *see Tracy v. Tracy*, 219 S.W.3d 527, 530 (Tex. App.—Dallas 2007, no pet.). And a contempt order does not become appealable because it contains an attorney's-fees award as a sanction. *Inner City Mgmt., Inc. v. City of Dallas*, No. 05-05-01618-CV, 2006 WL 242350, at *1 (Tex. App.—Dallas Feb. 2, 2006, no pet[.]) [(per curiam)] (mem. op.).

*Iconic Motion Sports, LLC v. Grijalva*, No. 02-17-00103-CV, 2017 WL 2471099, at *1 (Tex. App.—Fort Worth June 8, 2017, no pet.) (mem. op.).

Because R.R. attempts to appeal from a contempt order and because contempt proceedings cannot be reviewed on appeal, we dismiss this appeal for lack of jurisdiction.[1] *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered:  March 9, 2023

---

[1]Additionally, although our jurisdiction letters did not mention the tardiness of R.R.'s notice of appeal—which was filed more than a year and a half after the contempt order was signed—that provides another basis for dismissing this appeal for lack of jurisdiction. *See* Tex. R. App. P. 26.1 (establishing deadline for notice of appeal).