**Opinion issued July 25, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00200-CV
_____

## VERANDA NATION, INC., Appellant

## V.

## PRESTON JULIAN, JR., Appellee

---

**On Appeal from County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1122091**

---

## MEMORANDUM OPINION

Appellant Veranda Nation, Inc. seeks to appeal an order signed by Civil County Court at Law No. 1 denying Veranda's second motion for contempt in this underlying forcible detainer action. Appellee Preston Julian, Jr. filed a motion to

dismiss for want of jurisdiction and on mootness grounds. We grant the motion and dismiss this appeal for want of jurisdiction.

## Background

Julian owns five unimproved and contiguous dirt lots located at 3318, 3324, 3326, 3330, and 3338 Natchez Street, in Houston, Harris County, Texas (the Natchez lots). Julian leased the Natchez lots to Veranda to use as commercial parking for its adjacent restaurant and event venue business.

In 2018, Julian filed five forcible detainer actions against Veranda seeking possession of the Natchez lots. Julian alleged that he terminated the lease with Veranda in 2017 based on Veranda's multiple violations of the terms of the lease. The justice court granted a no-answer default judgment in each action against Veranda, and Julian obtained possession of the property pursuant to execution of a writ of possession.

Veranda filed a petition for bill of review in each case alleging defective service of process in the underlying forcible detainer actions. The justice court denied the petitions for bill of review, and Veranda appealed the denials to the county court at law. After it consolidated the appeals, the county court entered an order on June 4, 2019, granting Veranda's petition for bill of review and vacating each of the default judgments, returning possession of the property to Veranda, and reopening

2

the five actions with the parties reverting to their original status as plaintiff and defendant.

In August 2019, Veranda filed a motion to enforce final judgment and for contempt. It argued that despite its counsel having sent two letters to Julian demanding that he return possession of the property to Veranda in accordance with the June 4, 2019 order, Julian refused to comply. Julian filed objections and a response to Veranda's motion. He asserted that he was no longer in possession of the property and could not tender possession of real property which he did not legally possess, and that Veranda did not have an active lease under which it could lawfully possess the Natchez lots.

The county court granted Veranda's contempt motion on September 18, 2019, holding Julian in contempt and ordering him to pay $500 to Veranda and to deliver possession of the property to Veranda within three days of the date of the order. The court further ordered per-day contempt fines be assessed against Julian if he failed to comply with the order.[1]

Two years later, in September 2021, Veranda filed a second contempt motion. Veranda asserted that the June 4, 2019 order granting its bill of review was a "final, unappealable judgment," and it requested that the county court order Julian to pay

---

[1] Then-presiding Judge George Barnstone entered the orders granting Veranda's petition for bill of review and its first motion for contempt.

the monetary penalties imposed by the first contempt order and that Julian be confined in the county jail for not more than six months due to his refusal to comply with the June 4, 2019 order.

The trial court held a hearing on Veranda's motion. On December 13, 2021, the county court entered an order denying Veranda's second motion for contempt.[2] The order further stated that "any relief not expressly granted herein shall be, and the same hereby is DENIED."

Veranda filed a motion for new trial or, alternatively, motion for clarification of the December 13, 2021 order. Veranda's new trial motion was overruled by operation of law. Veranda filed a timely notice of appeal from the December 13, 2021 order denying its second contempt motion.

## Analysis

Generally, appellate courts have jurisdiction only over appeals from final judgments or orders. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "Exceptions to this general rule are provided by statutes that specifically authorize interlocutory appeals of particular orders." *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014). A contempt order is not one of the exceptions enumerated

---

[2] Presiding Judge Audrie Lawton-Evans conducted the hearing and entered the order denying Veranda's second contempt motion.

under Texas Civil Practice and Remedies Code Section 51.014. *See* TEX. CIV. PRAC. & REM. CODE § 51.014 (listing several interlocutory orders that may be appealed).

An order finding a party not in contempt is not a final, appealable judgment, and an appellate court has no jurisdiction over such an order. *See Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985) (stating no appeal lies from court's rejection of request to exercise its inherent power to hold party in contempt); *Ramirez v. Sanchez*, No. 01-21-00417-CV, 2023 WL 2919545, at *12 n.11 (Tex. App.—Houston [1st Dist.] Apr. 13. 2023, no pet.) (mem. op.).[3] Contempt proceedings, whether the court grants or denies the motion, are not appealable because they "are not concerned with disposing of all claims and parties before the court, as are judgments; instead, contempt proceedings involve a court's enforcement of its own orders, regardless of the status of the claims between the parties before it." *In re Off. of Att'y Gen. of Tex.*, 215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007, orig. proceeding); *Hooper v. Hooper*, No. 14-09-01024-CV, 2011 WL 334198, at *1 (Tex. App.—Houston [14th Dist.] Feb. 3, 2011, no pet.) (mem. op.) (dismissing for want of jurisdiction

---

[3]     The Mother Hubbard clause in the December 13, 2021 order was insufficient to create a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001) ("We no longer believe that a Mother Hubbard clause in an order or in a judgment issued without a full trial can be taken to indicate finality"); *In re B.L.R.*, 592 S.W.3d 453, 462 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("Finality of a judgment can no longer be determined solely by the existence of a 'Mother Hubbard' clause, which includes the language 'all relief not expressly granted herein is denied,' especially when a judgment is rendered without a conventional trial on the merits.") (quotations omitted).

appeal from denial of contempt motion seeking to enforce child support order). "A contempt judgment may be attacked by a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved) . . . however, because a contempt order is not a final judgment, a remedy by appeal does not lie." *In re Off. of Att'y Gen. of Tex.*, 215 S.W.3d at 916 (citing *Lehmann*, 39 S.W.3d at 195).

There is a line of cases that allows a direct appeal from rulings made during a contempt proceeding but involving issues wholly unrelated to the issue of contempt. *See, e.g.*, *In re E.H.G.*, No. 04-08-00579-CV, 2009 WL 1406246, at *5 (Tex. App.—San Antonio May 20, 2009, no pet.) (mem. op.) (concluding that where motion to enforce includes request for both contempt finding and money judgment for child support arrearage, appellate court has jurisdiction to address arrearage judgment because it was unrelated to contempt order); *Chambers v. Rosenberg*, 916 S.W.2d 633, 634 (Tex. App.—Austin 1996, writ denied) (finding no jurisdiction to consider contempt ruling but considering trial court's legal conclusion that agreed temporary injunction was void ab initio because of lack of bond). However, Veranda's second contempt motion includes nothing more than a request that Julian be ordered to pay monetary penalties and be confined for not more than six months due to his refusal to comply with the June 4, 2019 order. *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (noting appellate courts look to substance of plea for relief to

6

determine nature of pleading) (citing TEX. R. CIV. P. 71). Accordingly, we lack jurisdiction to consider Veranda's appeal of the county court's order denying its second motion for contempt. *See Norman*, 692 S.W.2d at 655; *Hooper*, 2011 WL 334198, at *1.

## Conclusion

We grant appellee Preston Julian, Jr.'s motion to dismiss and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f).

Amparo Guerra
Justice

Panel consists of Chief Justice Adams and Justices Farris and Guerra.