**Order filed September 27, 2018**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-18-00675-CV**
**NO. 14-18-00680-CV**
_____

**IN THE INTEREST OF M. E. H.**

---

**On Appeal from the 345th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-AG-15-002375**

---

## ORDER

Appellant C.H. is involved in litigation in Travis County regarding conservatorship of her son, M.E.H. She appealed to the Third Court of Appeals from a final order signed February 2, 2018, called "Order in Suit to Modify Parent-Child Relationship." The Supreme Court of Texas transferred that appeal to this court on April 11, 2018. *See* Tex. Gov't Code Ann. § 73.001. That appeal is pending as number 14-18-00281-CV ("the First Appeal").

The trial court signed several more orders during the pendency of the First Appeal. Appellant filed pro se notices of appeal from four of those orders, and each appeal was transferred from the Third Court of Appeals to this court as follows:

| Appeal | Order on Appeal |
| --- | --- |
| 14-18-00675-CV | May 10, 2018 Order on Motion for Enforcement and Further Orders (regarding C.H.'s Third Amended Motion for Enforcement and Further Orders) |
| 14-18-00680-CV | May 10, 2018 Order on Motion to Revoke Suspension of Commitment (regarding S.K.'s Motion to Revoke Suspension of Commitment) |
| 14-18-00681-CV | May 10, 2018 Order on Motion to Modify Judgment (regarding C.H.'s Motion to Modify Judgment) |
| 14-18-00682-CV | July 9, 2018 Amended Order (regarding June 12, 2018 Order on Respondent's Plea of Abatement) |

None of those four orders is a final judgment or otherwise separately appealable. For that reason, we notified the parties on August 28, 2018, that we would dismiss those four appeals for lack of jurisdiction unless any party demonstrated meritorious grounds for retaining the appeals.

In response, appellant, through a newly-retained lawyer, filed a motion in the First Appeal characterizing the orders at issue in appeals 14-18-00675-CV and 14-18-00680-CV ("the Contempt Appeals") as orders refusing to hold the father (appellee S.K.) in contempt and holding appellant in contempt, respectively. Contempt orders are not appealable but are reviewable by mandamus. *See In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (per curiam); *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985) (per curiam). The motion asks us to (1) treat appellant's pro se notices of appeal in the Contempt Appeals as attempts to invoke our mandamus jurisdiction, and (2) consolidate the Contempt Appeals and the First Appeal.[1] The motion has been on file for more than ten days, and no response has

---

[1] The motion also abandons appeals 14-18-00681-CV and 14-18-00681-CV ("the Abandoned Appeals"). We construed that abandonment as a motion for voluntary dismissal under Texas Rule of Appellate Procedure 42.1(a)(1) and dismissed the Abandoned Appeals on

been received.

As transferred cases, the First Appeal and the Contempt Appeals are governed by precedent from the transferor court, the Third Court of Appeals. Tex. R. Civ. P. 41.3. That court has, on several occasions, treated an attempted appeal of a contempt order as an invocation of the appellate court's mandamus jurisdiction. *Haffelfinger v. Adams*, No. 03-12-00512-CV, 2013 WL 6178570, at *1 (Tex. App.—Austin Nov. 21, 2013, orig. proceeding) (mem. op.); *accord Caldwell v. Garfutt*, No. 13-12-00696-CV, 2014 WL 1576871, at *1 (Tex. App.—Austin Apr. 17, 2014, orig. proceeding) (mem. op.); *Coronado v. Jones*, No. 03-13-00464-CV, 2015 WL 2183459, at *1 (Tex. App.—Austin May 6, 2015, orig. proceeding) (mem. op.); and *In re Peltier*, No. 03-16-00855-CV, 2016 WL 7583614, at *1 (Tex. App.—Austin Dec. 28, 2016, orig. proceeding) (order), *disp. on merits*, No. 03-16-00855-CV, 2017 WL 2927321 (Tex. App.—Austin July 7, 2017, orig. proceeding).

Accordingly, if appellant files a petition(s) for mandamus in the Contempt Appeals by **October 19, 2018**, we will:

1. grant her request that we construe her notices of appeal in the Contempt Appeals as attempts to invoke our mandamus jurisdiction;

2. consider the petition(s) for mandamus in due course under Texas Rule of Appellate Procedure 52; and

3. consider appellant's request for consolidation with the First Appeal.

**If appellant does not file a petition(s) for mandamus by October 19, 2018, we will dismiss the Contempt Appeals for lack of jurisdiction.**

PER CURIAM

Panel consists of Justices Christopher, Jamison, and Brown

---

September 18, 2018. *In re M.E.H.*, Nos. 14-18-00681-CV, 14-18-00682-CV, 2018 WL 4427486 (Tex. App.—Houston [14th Dist.] Sept. 18, 2018, no pet. h.) (mem. op.) (per curiam).