**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00033-CV**
_____


**IN THE INTEREST OF S.R., K.R., B.R., AND T.R.**

_____

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 10-08-08833**

_____

**MEMORANDUM OPINION**

In four issues on appeal, B.P., the mother of S.R., K.R., B.R., and T.R., challenges the trial court's judgment holding her in contempt for violating an order in a suit to modify the parent-child relationship, committing her to county jail, and ordering her to pay $5000 in attorney's fees. We dismiss the appeal for want of jurisdiction.

D.R. filed a motion for enforcement of possession or access and rights and duties regarding his children, S.R., K.R., B.R., and T.R. In his motion, D.R.

1

alleged that B.P. had failed to comply with the order in a suit to modify the parent-child relationship by committing twenty-three violations of the terms of possession and access and one violation of rights and duties regarding the children. D.R. requested that B.P. be held in contempt, jailed, fined for each alleged violation, and ordered to pay attorney's fees, expenses, and costs.

After conducting a hearing on D.R.'s motion to enforce, the trial court found B.P. had violated four separate provisions of the order, found that B.P. had the ability to comply with each term she violated, and found that B.P. willfully and intentionally failed to comply. The trial court found B.P. in contempt for each separate violation, entered an order of commitment confining B.P. to the Montgomery County jail for a period of four days for each violation, and ordered B.P. to pay D.R.'s attorney $5000 for attorney's fees, expenses, and costs. B.P. filed a notice of appeal.

B.P.'s four issues complain exclusively of the contempt order. Her first issue questions whether this Court has jurisdiction over a criminal contempt order that B.P. contends left her without a remedy because her short jail term made a writ of habeas corpus moot and a writ of mandamus impractical. In issues two and three, B.P. complains that the trial court erred by holding her in contempt because the order included special provisions concerning periods of possession for S.R. which

did not list the details of compliance in clear, specific, and unambiguous terms, and because D.R. failed to comply with the order's special provision requiring him to give thirty days' written notice prior to exercising S.R.'s periods of possession. In issue four, B.P. complains that the written portion of the trial court's contempt order regarding the payment of attorney's fees is not enforceable because it does not comport with the trial court's oral rendition.

Courts of appeals generally do not have jurisdiction to review contempt orders through direct appeal. *See Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985); *In the Interest of A.C.J.*, 146 S.W.3d 323, 326 (Tex. App.—Beaumont 2004, no pet.). The only available means of review from a contempt order is via a petition for writ of habeas corpus or a petition for writ of mandamus. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding); *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied). Because this is a direct appeal from an order of commitment for contempt, we do not have jurisdiction. *See Norman*, 692 S.W.2d at 655; *In the Interest of A.C.J.*, 146 S.W.3d at 326. Accordingly, we must dismiss this appeal for want of jurisdiction.

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice

3

Submitted on February 13, 2019
Opinion Delivered April 11, 2019

Before McKeithen, C.J., Kreger and Horton, JJ.