COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF GEORGINA A. DE CHAVEZ, DECEASED. | § | No. 08-23-00337-CV |
| | § | Appeal from the |
| | § | Probate Court No. 1 |
| | § | of El Paso County, Texas |
| | § | (TC# 2016-CPR00081) |

## MEMORANDUM OPINION

This appeal is before the Court on its own motion to determine whether it should be dismissed. Appellant, pro se, attempts to appeal from an order denying an "amended motion for contempt of court order and sanctions," signed October 12, 2023. The challenged order, however, relates to a combined motion that Appellant had filed in pending cause number 08-23-00072-CV, which this Court referred to the trial court for fact finding and disposition. In 08-23-00072-CV, Appellant challenged an order denying an application to probate a foreign will as muniment of title. Both this appeal and 08-23-00072-CV arise from the same trial cause number 2016-CPR-00081. To the extent Appellant appeals an order denying sanctions, we consolidate that portion of the appeal with pending cause 08-23-00072-CV. As for the remaining portion of the case, we

dismiss this attempted appeal for lack of jurisdiction to the extent it challenges the trial court's denial of a contempt order.

Because our decision to consolidate and dismiss this appeal is informed by the pending appeal in 08-23-00072-CV, we provide a brief history of that case. On June 7, 2023, attorney Michael R. Nevarez filed a motion for leave to withdraw as Appellant's counsel in 08-23-00072-CV. Appellant opposed the motion requesting this Court "deny Mr. Nevarez's Motion unless he agrees to refund the retainer in full, and/or the Court orders the refund, strike Mr. Nevarez's allegations from the record, and provide for such other legal, equitable, and ethical relief to which Appellant may be entitled . . .. " We abated the appeal and remanded the case to the trial court for a hearing on the withdrawal motion. While the case remained in abeyance, this Court received notice of two subsequent events occurring in the trial court. First, the Honorable Eduardo A. Gamboa, presiding judge of El Paso County Statutory Probate Court No. 2, recused himself from the proceeding by order of recusal. Second, by a minute order issued on September 7, 2023, the Honorable Guy Herman, presiding judge of the Statutory Probate Courts of Texas, assigned the case to the Honorable David W. Jahn, a probate court judge of Denton County.

Meanwhile, once the appeal had been reinstated, Appellant filed in 08-23-00072-CV a combined motion, which he later amended, seeking an order of contempt and sanctions against Michael Nevarez, his appellate counsel. The combined motion presented complaints about counsel's representation of the appeal. Again, we abated the appeal and referred the combined motion, as well, for a hearing before the trial court. After a supplemental clerk's record and reporter's record were received, we again reinstated the appeal. The record reflects that, following a hearing on October 12, 2023, the trial court found the evidence presented by Appellant did not support a finding that his counsel had filed a groundless motion to withdraw, or that he had acted

2

in bad faith as alleged by Appellant. Thus, the trial court permitted withdrawal and found that neither a contempt order nor sanctions were proper under Rule 13 of the Texas Rules of Civil Procedure. Subsequently, Appellant filed this new appeal docketed as 08-23-00337-CV, wherein he attempts to appeal the October 12 order to the extent it denied his combined motion seeking a contempt order and for sanctions against his now former counsel.

On November 15, 2023, the Clerk of the Court notified all parties of this appeal by letter that it appeared there was no appealable order or judgment, and this Court lacked jurisdiction over this appeal unless grounds for continuing were shown by November 26, 2023. *See* TEX. R. APP. P. 42.3 (proving for notice of the Court's intent to dismiss for want of jurisdiction). To date, Appellant has provided no response, while Appellees filed a motion to dismiss the appeal to the extent it challenged the denial of the contempt order.

We conclude this attempted appeal calls for differing outcomes as to our jurisdictional inquiry. First, an order denying contempt is not reviewable by direct appeal, *see Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985) (per curiam); *Pedregon v. Pedregon*, No. 08-05-00236 CV, 2005 WL 2593660, at *1 (Tex. App.—El Paso Oct. 13, 2005, no pet.) (mem. op., not designated for publication), while an order on a motion for sanctions is reviewable under an abuse of discretion standard. *See e.g.*, *Darnell v. Broberg*, 565 S.W.3d 450, 460 (Tex. App.—El Paso 2018, no pet.) (reviewing a motion for sanctions filed against an opposing party and his counsel, which alleged that groundless pleadings were filed without any legal basis, in bad faith, and for improper purposes). Because we lack jurisdiction over the denial of a contempt order, we dismiss in part Appellant's appeal to the extent he seeks review of that portion of the trial court's order. *See Pedregon*, 2005 WL 2593660, at *1. To the extent that Appellant also files an attempted appeal of the denial of his motion for sanctions, we conclude the appeal originates from the sanctions

3

motion originally filed in 08-23-00072-CV. Because that separate cause remains pending with this Court, we see no need to maintain duplicative appeals of the remaining part of the trial court's October 12 order. In sum, we dismiss the appeal of the denial of contempt for lack of jurisdiction, and further dismiss the appeal of the denial of sanctions to the extent of the understanding that Appellant will be permitted to raise that issue in cause number 08-23-00072-CV.

For all purposes, then, we consolidate 08-23-00337-CV with 08-23-00072-CV. The issues, records, and documents filed in 08-23-00337-CV are hereby consolidated into cause number 08-23-00072-CV. Accordingly, the Clerk of this Court shall transfer all the records and filings in this cause to 08-23-00072-CV, wherein the appeal shall proceed but only to the extent of a review of the trial court's denial of sanctions. However, to the extent Appellant attempts an appeal of the denial of a contempt order, the case docketed as 08-23-00072-CV is hereby dismissed. Lastly, all pending motions filed in this case are denied as moot.


GINA M. PALAFOX, Justice

December 14, 2023

Before Alley, C.J., Palafox, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)