Mary Eyvonne SCURLOCK, Appellant,

v.

Carol PENNELL, Appellee.

No. 01–03–01339–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 10, 2005.

Chuck Portz, Portz & Portz, Houston, TX, for Appellant.

Larry Knapp, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK, and Justices HIGLEY and BLAND.

## OPINION

JANE BLAND, Justice.

Mary Scurlock appeals a final summary judgment granted in favor of appellee, Carol Pennell. Scurlock seeks damages resulting from the partial destruction of her home by a fire that originated at Pennell's vacation home next door. We hold that the trial court properly rendered summary judgment on Scurlock's negligence claim because (1) no material fact issue exists as to whether Pennell owed a duty to Scurlock, and (2) a negligent entrustment claim does not apply to the entrustment of real property. We therefore affirm.

### Facts and Procedural History

In November 2000, Pennell's vacation home caught on fire. The flames spread to Scurlock's home next door. The fire destroyed Pennell's vacation home and severely damaged Scurlock's home. In a summary judgment affidavit, Pennell avers that neither she nor her husband had visited the vacation home for 10 months before the fire. Pennell further avers that she left the home in a secure condition because she locked all the doors and turned off the electricity, gas, and water. Pennell gave no one permission to enter the property the day of the fire. Pennell avers that "about 30 year ago, the property was broken into and a stereo and some speakers were taken."

Pennell and Scurlock agree that an unknown third party started the fire. Two witnesses offered affidavits that, on the day of the fire, a U–Haul truck was parked at the Pennell home, the garage doors were open, and the house lights were on before they observed a fire.

Scurlock sued Pennell for damages caused by the fire, alleging that Pennell negligently left the home unlocked and the utilities on, thereby inviting vagrants. Alternatively, Scurlock alleges that Pennell negligently entrusted the home to a third party who started the fire. Scurlock's petition alleges Pennell's negligent acts as follows:

1. Leaving the home in an open and unsecured condition which was inviting to vagrants and vandals.

2. Leaving the home in a condition that was inviting to vagrants and vandals in an area where homes are prone to trespass and vandalism.

3. Increasing the normal lure of the home to vagrants and vandals by leaving the electricity turned on and available for use by any vagrant or vandal.

4. Essentially advertising the availability of the home to vagrants and vandals by leaving the garage's light on with its door fully open, thus exposing that the premises had been vacated by the owner.

5. Leaving the garage's interior fully open and visible, thus communicating that the owner had vacated and removed all but secondary items of property.

6. Leaving the home unsupervised in its obviously opened and available condition to unknown third parties.

7. Failing to take adequate steps to have the security of the home supervised in its obviously opened and available condition.

The trial court granted Pennell's no-evidence motion for summary judgment.

## Standard of Review

After adequate time for discovery, a party may move for summary judgment on the ground that no evidence exists of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). The motion must state the elements as to which no evidence exists. *Id.* The trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. *Id.*

■ Pennell styled her motion as a "no-evidence" motion for summary judgment, and based it solely under subsection (i). *See* TEX.R. CIV. P. 166a(i). Attached to her motion, however, she incorporated her affidavit. The Texas Supreme Court recently has held that, if a motion for summary judgment brought solely under subsection (i) attaches evidence, such as Pennell's motion here, then "that evidence should not be considered unless it creates a fact question, but such a motion should not be disregarded or treated as a motion under subsection (a) or (b)." *Binur v. Jacobo,* 135 S.W.3d 646, 651 (Tex.2004); *see also* TEX.R. CIV. P. 166a(a), (b), (i). We thus do not consider Pennell's affidavit, except to the extent it creates an issue of material fact. *See Binur,* 135 S.W.3d at 651.

## Negligence

■ A negligence cause of action has three elements: a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach. *D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex.2002). "Proximate cause requires both cause in fact and foreseeability." *Id.* Foreseeability exists if the actor, as a person of ordinary intelligence, should have anticipated the dangers his negligent act creates for others. *Id.*

Pennell characterizes this case as one alleging negligent activity, rather than one alleging premises liability against a landowner. In *Timberwalk Apartments, Partners, Inc. v. Cain,* the Texas Supreme Court explains these two concepts. 972 S.W.2d 749, 753 (Tex.1998). Recovery for a negligent activity requires that a person have been injured by the activity itself, rather than by a condition created by the activity; in contrast, recovery for premises liability depends upon a failure to use ordinary care to reduce or to eliminate an unreasonable risk of harm created by a premises condition about which the owner

or occupier [of land] knows or, in the exercise of ordinary care, should know. *Id.*

In *Timberwalk,* a tenant who had been raped in her apartment sued the landlord and management company for their negligent failure to provide adequate security. 972 S.W.2d at 751. The tenant asserted that the landlord's failure to provide adequate security measures created an unreasonable risk of harm about which the landlord knew or should have known, but failed to correct. *Id.* at 753. The *Timberwalk* court held that "a complaint that a landowner failed to provide adequate security against criminal conduct is ordinarily a premises-liability claim," and therefore, the trial court had properly refused a jury charge under a negligent-activity theory. *Id.*

Like *Timberwalk,* the present case involves a complaint that a landowner failed to provide adequate security against criminal conduct. Scurlock was injured by the criminal actions of a third party, and alleges that Pennell failed to exercise reasonable care to reduce or eliminate a foreseeable risk that criminal activity might occur. Scurlock did not sue for nuisance or trespass. Although Scurlock is not an invitee, we follow the analysis in *Timberwalk* in analyzing Scurlock's allegations of negligence. *See id.*[1]

■ Property owners owe a legal duty to those whom a third-party criminal act may harm only if the risk of criminal conduct is so great that it is both unreasonable and foreseeable. *Mellon Mortgage Co. v. Holder,* 5 S.W.3d 654, 655 (Tex.1999); *see also Nixon v. Mr. Prop. Mgmt. Co., Inc.,* 690 S.W.2d 546, 550 (Tex. 1985) ("Usually, the criminal conduct of a third party is a superseding cause relieving the negligent actor from liability. However, the tortfeasor's negligence will not be excused where the criminal conduct is a foreseeable result of such negligence."). Foreseeability is a dominant consideration in determining whether a legal duty exists. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex. 1990). The Texas Supreme Court analyzes foreseeability with a two-prong test:

[I]t is not required that the particular accident complained of should have been foreseen. All that is required is (1) "that the injury be of such a general character as might reasonably have been anticipated; and (2) that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen."

*Mellon Mortgage,* 5 S.W.3d at 655 (quoting *Nixon,* 690 S.W.2d at 551). Stated broadly, we determine both the foreseeability of the general danger and whether that danger would harm a particular plaintiff. *Id.* Factors that a court should consider in determining whether certain criminal conduct is foreseeable include: (1) whether any criminal conduct previously occurred on or near the property, (2) how recently such conduct occurred, (3) how often it occurred, (4) how similar the prior conduct was to the conduct on the property, and (5) what publicity surrounded the occurrences to indicate that the landowner knew or should have known about them. *Timberwalk,* 972 S.W.2d at 757. "If, after applying the *Timberwalk* factors of similarity, recency, frequency, and publicity, we determine that the general danger of the criminal act was foreseeable, we then apply the second prong of the foreseeability analysis and determine whether it was

---

1. Pennell does not contend that no duty to Scurlock exists because Scurlock is an adjoining landowner and not an invitee or licensee.

foreseeable that the injured party, or one similarly situated, would be the victim of the criminal act." *Mellon Mortgage,* 5 S.W.3d at 656–57 (citing *Timberwalk,* 972 S.W.2d at 756–57).

In her affidavit, Pennell acknowledges one episode of criminal activity associated with the vacation home, occurring 30 years before the date of the fire. Scurlock presented affidavit evidence from one witness of "a few" burglaries in the surrounding area at other residences, as well as evidence that the lights were on in Pennell's home on the day of the fire. Scurlock also presented evidence that a U–Haul truck was present at Pennell's home on the day of the fire.[2]

Scurlock offered no evidence of how recently these area burglaries had occurred, how many burglaries occurred, how similar the burglaries were to the criminal conduct at the Pennell home, the location of such burglaries, and whether the media publicized the burglaries in a manner that Pennell either knew or should have known about them. We thus hold that the summary judgment evidence is insufficient to raise a fact issue that Scurlock's injury is "of such a general character as might reasonably have been anticipated." *See Mellon Mortgage,* 5 S.W.3d at 655.

Even assuming that criminal activity in "the area" raises a fact issue as to whether a general risk of criminal conduct exists, Pennell could not foresee that Pennell would be the victim of this third-party criminal act. *See Timberwalk,* 972 S.W.2d at 759 (holding that a sexual assault on defendant's property was not foreseeable when no violent personal crime had occurred on the property in 10 years). Assuming that Pennell should have known about recent burglaries in the area, none of the summary judgment evidence suggests that Pennell could have foreseen this occurrence—that of arson to Scurlock's home, spreading to the adjoining property. *See id.*

As the Texas Supreme Court has observed, "[P]lacing a duty on landowners to prevent criminal acts on their property simply because criminals could gain access to their land would make landowners the insurers of crime victims, regardless of the lack of connection between the landowner and either the victim or the perpetrator." *Mellon Mortgage,* 5 S.W.3d at 658. We hold that the record, viewed in a light favorable to the non-movant, raises no evidence that Pennell owed a legal duty to Scurlock.

### Negligent Entrustment

 Scurlock contends that the trial court erred in rendering summary judgment on her negligent entrustment claim. Negligent entrustment in Texas applies only to chattels; Texas courts have not extended the concept to include the entrustment of real property. *See, e.g., Schwartz v. Forest Pharm., Inc.,* 127 S.W.3d 118, 122 (Tex.App.-Houston [1st Dist.] 2003, pet. denied) (automobile); *Amaya v. Potter,* 94 S.W.3d 856, 866 (Tex. App.-Eastland 2002, pet. denied) (automobile); *Prather v. Brandt,* 981 S.W.2d 801, 806 (Tex.App.-Houston [1st Dist] 1998, pet.

---

2. Dennis Walker's affidavit states as follows: I saw a U–Haul truck. Mrs. Martin remembered seeing one also that day. Fire started around 12:30 or so. Lights were on in house—. Saw smoke as driving home 20 min. later & lights were off. Saw fire upstairs in red house (Pennell's). No signs of suspicious people or vehicles. Saw fire spread to Scurlock's house. A few burglaries in area w/ other residences, but no suspicious signs w/ the Pennell house. Fire investigator said all fuse boxes were off. Fire investigator thought what was left in the house were secondary items. Not stuff someone would furnish a home with.

denied) (firearm). The trial court thus properly granted Pennell's motion for summary judgment on Scurlock's negligent entrustment claim.

## Conclusion

We hold that the trial court properly rendered summary judgment on Scurlock's negligence claim because (1) no material fact issue exists as to whether Pennell owed a duty to Scurlock, and (2) a negligent entrustment claim does not apply to the entrustment of real property. We therefore affirm the judgment of the trial court.