# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-14-00463-CV

**Don Titel and Carol Titel, Appellants**

**v.**

**Morris G. Melchor and Lisa Melchor, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-14-004232, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment issued on November 18, 2015, substitute this opinion and judgment in their place, and overrule the Titels' motion for rehearing.

Don and Carol Titel appeal the trial court's summary judgment in favor of Morris G. and Lisa Melchor on the Titels' negligence claims. The Titels' real property was damaged by a fire allegedly started by children on neighboring real property owned by the Melchors but occupied by their adult son and his family. The Melchors' summary-judgment motion contended that they owed no legal duty to the Titels for the alleged negligence of the children and their parents. We will affirm the trial court's final judgment.

Jeremy Melchor, adult son of Morris[1] and Lisa, lived on property owned by his parents (the Melchor Property) with his three minor children; his girlfriend, Mandy Edwards; and one of Edwards's minor children. On the day of the fire, Edwards was home at the Melchor Property along with Jeremy's three children and her two children (one of whom was visiting from Alabama, where he lived with his father); Jeremy was not home. One or two of the children[2] in Edwards's care allegedly started the fire, which spread from the Melchor Property and damaged neighboring real property of the Titels. While Morris and Lisa did not live on the Melchor Property, they had purchased it so that Jeremy would have a place for him and his children to live, and still owned it at the time of the fire.[3]

After the fire, the Titels filed a negligence suit against Edwards, Jeremy, Morris, and Lisa. Their petition specifically alleged that Morris and Lisa (appellees) negligently exercised control over their invitees and persons permitted to visit and stay at the Melchor Property and negligently placed their irresponsible adult son in charge of the property, knowing that such entrustment created an unreasonably dangerous situation due to: the extreme risk of wildfires in the wooded area at the time; the "common human knowledge" that children are wont to play with fire; appellees' awareness that Jeremy and Edwards's children and minor invitees "had run of

---

[1] Because several of the parties share the same surname, we will refer to them by their first names, where appropriate, for convenience.

[2] Some of the evidence indicates that only Edwards's visiting son started the fire, while other evidence indicates that perhaps one of Jeremy's children was also involved in starting the fire.

[3] There is some evidence that Jeremy and Edwards were paying rent to Morris and Lisa to live on the Melchor Property.

the place" and surrounding woods; and appellees' knowledge that Jeremy was a smoker who left lighters lying around.

Appellees sought a traditional summary judgment, arguing that they owed no duty of care to appellants as a matter of law based on the facts as pleaded. The trial court granted the summary judgment, dismissing appellants' claims against appellees and severing the claims against the remaining defendants (Edwards and Jeremy). Appellants contend that the trial court's grant of summary judgment in favor of appellees was improper because appellees did owe a legal duty to them under these circumstances. Whether a person owes a legal duty to another is a question of law to be determined from the facts surrounding the occurrence in question, *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005), and a trial court's order granting a traditional motion for summary judgment is reviewed de novo, *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004).

Texas law generally does not impose a duty to control the actions of third persons, absent certain special relationships or circumstances. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404-05 (Tex. 2009); *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990); *Carter v. Abbyad*, 299 S.W.3d 892, 895 (Tex. App.—Austin 2009, no pet.). Examples of relationships that have been recognized as giving rise to a duty to control others' conduct include employer/employee; parent/minor child; and independent contractor/contractee, when the contractee retains the right to control the contractor's work. *See Phillips*, 801 S.W.2d at 525. Appellants have not contended that any of these special relationships existed here so as to give rise to a duty, but make the related argument that Jeremy and Edwards were appellees' "agents" with respect to taking care of and managing the Melchor Property so as "to provide a good home for children" and that

3

their negligence in so doing is imputed to appellees. *See F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 685 (Tex. 2007) (under vicarious-liability doctrine, principal is liable for conduct of agent, based on principal's control or right to control agent's actions undertaken to further principal's objectives).

Whether an agency relationship exists depends on who has the right to control the details of the work, *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 23 (Tex. 1993), and to trigger vicarious liability, the right to control must extend to the specific activity from which the injury arose, *Farlow v. Harris Methodist Fort Worth Hosp.*, 284 S.W.3d 903, 912 (Tex. App.—Fort Worth 2009, pet. denied). The evidence that appellants cite in support of a purported "agency" relationship does not raise a fact issue on appellees' right to control or exercise of actual control over the details of Jeremy and Edwards's "care" of the Melchor Property. *See J.P. Morgan Chase Bank, N.A. v. Texas Contract Carpet, Inc.*, 302 S.W.3d 515, 525 (Tex. App.—Austin 2009, no pet.) (party claiming agency must prove that principal has both right to assign agent's task and right to control means and details by which agent will accomplish task); *Stanford v. Dairy Queen Prods. of Tex.*, 623 S.W.2d 797, 801 (Tex. App.—Austin 1981, writ ref'd n.r.e.) (agency is consensual relation between two persons whereby one is obliged to act for and on behalf of other and subject to other's control). Furthermore, even if Jeremy and Edwards were appellees' agents with respect to "caring for" the Melchor Property, the specific activity from which the injury arose was not negligent "care" of the Melchor property but alleged negligent supervision of children. As a matter of law, Jeremy and Edwards could not have been appellees' agents with respect to the "work" of raising

their own children, over whom appellees had no custodial duties.[4] We conclude that, on this record, appellees are not vicariously liable for the alleged negligence of their adult son and his girlfriend on an agency theory.

Nonetheless, appellants contend that the special circumstances here created a duty, relying on Section 302 of the Restatement of Torts. *See Restatement (Second) of Torts* §§ 302A ("An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the negligent or reckless conduct of the other or a third person."), 302B ("An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal."). Specifically, they argue that the act of appellees entrusting the Melchor Property to Jeremy and Edwards under the particular circumstances present here—including the fire risk, children's general propensities, Jeremy's irresponsibility, and the children's frequent unsupervised play in the woods—involved an unreasonable risk of harm.[5] However, the only Texas court to cite Section 302 as a basis for

---

[4] Furthermore, appellants' agency theory would require us to expand agency law to cover the relationships between (1) landlords and tenants or (2) property owners and their licensees. They have cited no authority for such expansion, and in the absence of circumstances justifying it, we decline to do so.

[5] Appellants did not expressly plead a claim for negligent entrustment, but the substance of their petition would seem to encompass such a claim, as they alleged that appellees were negligent in "acquiring land in an area with a high risk for wildfire and turning it over to their 'never do well' adult son, who in turn allowed young children to enter, reside, and wander unsupervised upon their land." To the extent that they seek to recover under such theory, we hold that the claim fails, as Texas does not recognize a claim for negligent entrustment of real property. *See Scurlock v. Pennell*, 177 S.W.3d 222, 226 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (negligent entrustment applies only to chattels).

imposing a duty involved distinguishable circumstances. *See Bicknell v. Lloyd*, 635 S.W.2d 150, 152 (Tex. App.—Houston [1st Dist.] 1982, no writ) (where child was injured when another child misappropriated three-wheeled electric vehicle from defendant who had full control and responsibility for vehicle, left key in ignition, and knew that children had previously operated vehicle, which was akin to attractive nuisance, defendant held to owe duty).

Here, there was no summary-judgment evidence that appellees were in possession of or had any control over or responsiblity for the premises, the items thereon (such as lighters), or the minor children involved in the incident, nor was there evidence or allegation of any attractive nuisances on the property of which appellees were aware. Also, in *Bicknell*, the plaintiff had sued the person who was in actual control and possession of the vehicle, rather than its owner. Had the owner been sued, it is unlikely that the court would have extended the duty to the vehicle's owner merely by virtue of ownership absent evidence that the owner was in possession or control of the vehicle. Moreover, comment a to Section 302 of the Restatement specifically states that absent a special relationship between the actor and the other that gives rise to a duty, there is no duty to act to avoid an unreasonable risk. *See Restatement (Second) of Torts* § 302, cmt a.[6] Under the circumstances here, we decline to expand the general rule that a person does not owe a duty to control the actions of third persons and conclude that Section 302 of the Restatement does not support the imposition of a duty on appellees.

---

[6] Appellants make the related argument that appellees were engaged in a "joint enterprise" with Jeremy to raise his children or to "enlarge and improve the family's real estate holdings." We reject this argument, as there is no direct evidence of any "joint enterprise," and because the evidentiary "inferences" supporting such enterprise would simply be unreasonable on this record. *See St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 525–26 (Tex. 2002) (citing *Restatement (Second) of Torts* § 491 for four essential elements of joint enterprise).

We conclude that the trial court did not err in granting summary judgment on appellants' claims against appellees and, accordingly, affirm its final judgment dismissing all claims against appellees.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed on Motion for Rehearing

Filed:   January 6, 2016