**Opinion issued April 13, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-21-00417-CV

_____

**ERIC JOHN RAMIREZ, Appellant**

**V.**

**JUANITA SANCHEZ, Appellee**

---

**On Appeal from the 308th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-21465**

---

## MEMORANDUM OPINION

This appeal arises from a suit affecting the parent-child relationship. In 2013, the trial court issued an order (the "2013 Order") appointing appellant Eric John Ramirez and appellee Juanita Sanchez as the joint managing conservators of their

minor child, A.J.R. The trial court granted Sanchez the exclusive right to designate the child's primary residence and ordered Ramirez to pay child support.

In 2019, Ramirez filed the instant suit seeking to modify the 2013 Order. He requested either sole managing conservatorship of A.J.R. or the exclusive right to designate his primary residence, along with child support. Ramirez also filed a motion for enforcement alleging that Sanchez had interfered with his periods of possession and access to the child. The trial court dismissed that motion.

Sanchez moved for a no-evidence summary judgment on Ramirez's claims—which the trial court granted. Sanchez also filed a counterpetition for modification seeking to increase Ramirez's child support. After a bench trial on Sanchez's counterpetition, the trial court increased Ramirez's child support.

Ramirez now appeals. In nine issues, Ramirez contends that the trial court erred in granting a no-evidence summary judgment on his claims, in increasing his child support, in admitting evidence, in granting injunctive relief, awarding attorney's fees, and assessing costs. Ramirez also complains of the trial court's order dismissing his motion for enforcement.

We reverse and remand in part and dismiss in part.

## Background

In Ramirez's petition to modify the 2013 Order, he asserted, as pertinent here, that the "circumstances of [A.J.R.], a conservator, or other party affected by the order

2

to be modified [had] materially and substantially changed" since the rendition of the 2013 Order. Ramirez sought sole managing conservatorship of A.J.R. or the exclusive right, as a joint managing conservator, to designate A.J.R.'s primary residence. Ramirez also sought child support, an order modifying the terms and conditions of possession, and injunctive relief.

Sanchez likewise asserted in her Second Amended Counterpetition that the "financial circumstances and needs of [A.J.R.] or a person affected by the order [had] materially and substantially changed" since the rendition of the 2013 Order. She asserted that Ramirez's child-support obligation was no longer in compliance with the guidelines in Chapter 154 of the Texas Family Code and sought an increase in Ramirez's child support. Sanchez also sought orders regarding the possession and transfer of A.J.R.'s passport, and injunctive relief.

On April 13, 2021, Sanchez filed a motion for no-evidence summary judgment. She claimed that Ramirez "ha[d] produced no evidence to support his contention that . . . [t]he circumstances of the child, [Ramirez], [Sanchez], or a party affected by the order to be modified [had] materially and substantially changed since the date or rendition of the order to be modified."

Sanchez also claimed there was no evidence that it was in the best interest of the child to modify conservatorship, to order Sanchez to pay child support, or to modify the location of exchanges. Sanchez attached Ramirez's discovery responses

3

as evidence to her no-evidence motion. She also included a notice that the no-evidence motion would be heard by submission on May 4, 2021.

On April 21, 2021, Sanchez filed a Notice of Filing Amended Exhibits to [her] Motion for Summary Judgment stating that Exhibits B and C to her motion were "inadvertently filed with missing pages."

Contemporaneously, Sanchez filed a Notice of Business Records Affidavit, to which she attached the affidavit of Mitch Findley, a customer support manager for the Our Family Wizard website, and 96 pages of messages between Sanchez and Ramirez, along with journal entries by Sanchez.

Sanchez also filed a second Notice of Business Records Affidavit that included the affidavit of Barbara Lynch Schnack, an employee of the Harris County Domestic Relations Office, and a Child Custody Evaluation Report involving A.J.R.

In response to the no-evidence motion for summary judgment, Ramirez filed a document entitled "Child Modification in the Best Interest of [A.J.R.]." In that document, Ramirez presented facts about his relationship with Sanchez and with A.J.R., facts about the current status of their relationships, and the basis for his petition to modify conservatorship or the right to designate the child's primary residence. Ramirez did not attach any evidence.

The trial court granted Sanchez's motion for no-evidence summary judgment. The trial court stated in the summary judgment that it considered "the motion, any

response thereto, and . . . any evidence." It also ordered Ramirez to pay Sanchez's attorney's fees of $10,850.00 and costs.

A bench trial was subsequently held on Sanchez's counterpetition to increase Ramirez's child support. Ramirez testified that, at the time of the 2013 Order, he was a student with $1,404.65 in net monthly resources and was ordered to pay $248.00 in monthly child support. Ramirez further testified that, since that time, his financial circumstances had improved. He owned a company from which he received a salary. Ramirez admitted that he transferred funds between his personal and business accounts and that he paid personal expenses from the business account.

The trial court thus ruled that it would consider both the business income and Ramirez's salary in setting his child support payments. Together they totaled $13,229.08 in net monthly resources. The trial court admitted into evidence copies of Ramirez's financial statements.

Sanchez testified that, at the time of the 2013 Order, Ramirez was supporting two children, and A.J.R. was three years old. At the time of the bench trial, Ramirez's income had increased, and his other child was no longer a minor. A.J.R. was then eleven years old and had increased needs and expenses for tutoring and sports.

At the conclusion of the bench trial, the trial court signed a Final Order in Suit to Modify the Parent-Child Relationship ("Final Order") on August 27, 2021. The

5

trial court ruled that "the circumstances of the child, a conservator, or other party affected by the [2013 Order] ha[d] materially and substantially changed" since its rendition and that Ramirez must pay Sanchez monthly child support in the amount of $1,840.00, her attorney's fees of $2,082.50, and costs.

In support of its Final Order, the trial court issued findings of fact and conclusions of law. They state in pertinent part:

b. The Court finds that the financial circumstances and needs of the child have materially and substantially changed since the date of the order to be modified in that the child is now eight years older. At the time of the first order the child was only three years old. The Court heard testimony about current child related expenses including tutoring, extracurricular activities and sports.

c. The Court finds that the financial circumstances and needs of the Respondent have materially and substantially changed since the date of the order to be modified. The Court heard testimony that Respondent was working at the time of the rendition of the order to be modified and that she is now a stay-at-home mother with a second child.

d. The Court finds that the financial circumstances and needs of [Ramirez] have materially and substantially changed since the date of the order to be modified. The Court heard testimony that at the time of the rendition of the order to be modified [Ramirez] worked a part time job making a relatively low income. [Ramirez] testified that he currently owns a business with several employees.

e. The Court finds that support payments previously ordered are not in substantial compliance with the guidelines in chapter 154 of the Texas Family Code, and the requested increase would be in the best interest of the child. [Ramirez] testified that at the time of the rendition of the order to be modified he had another minor child for whom he was paying child support. [Ramirez] testified that he is no longer paying child support for his other child as he is now over the age of eighteen.

f.  The Court finds [Ramirez's] testimony regarding his net resources was not truthful in several material respects, including monthly deposits into personal checking account, personal and corporate tax returns, and personal expenses paid through business accounts.

g.  The Court finds that . . . [Ramirez's] bank statements [indicate] numerous inconsistent direct deposits into . . . personal accounts.

h.  The Court finds that . . . [Ramirez's] company's Profit and Loss statement indicates a net corporate income of $773,431.63 for the period beginning on January 1, 2015 through February 12, 2021.

1.  The Court finds that [Ramirez] is the sole shareholder of his company, . . . that he has the sole authority to make decisions on employment issues, salaries, benefits, and management . . . .

j.  The Court finds that . . . [Ramirez's] business bank statements, indicates numerous personal expenses paid out of the business accounts on a regular basis.

k.  The Court finds that the testimony of [Ramirez] suffered from inaccurate and unsupported information. [Ramirez] did not produce in court copies of income tax returns, paycheck stubs, or any other exhibit to accurately identify his net resources.

1.  The Court finds the amount of child support ordered by the Court is in accordance with the percentage guidelines.

m.  [Ramirez's net resources] per month are greater than $9,200.00.

n.  [Sanchez's net resources] per month are $4,500.00.

o.  The percentage applied to the first $9,200 of [Ramirez's] net monthly resources for child support is 20% percent.

p.  [Ramirez's] monthly child support obligation is $1,840.00 . . . , beginning September 1, 2021.

During the proceedings, Ramirez also filed a motion for enforcement in which he sought to have Sanchez held in contempt and jailed. According to Ramirez, Sanchez had failed to comply with the terms and conditions of possession and access set forth in the 2013 Order. The trial court dismissed that motion with prejudice.

7

## No-Evidence Summary Judgment

In his first two issues, Ramirez challenges the trial court's no-evidence summary judgment on his claims to modify conservatorship, to designate the primary residence of the child, and for child support. Ramirez also contends that he was not afforded the requisite notice to file a summary-judgment response.

### *Standard of Review*

We review a trial court's summary judgment de novo, taking as true all evidence favorable to the nonmovant and indulging every reasonable inference in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). If a trial court grants summary judgment without specifying the grounds for granting the motion, as here, we must uphold the trial court's judgment if any of the asserted grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

To be entitled to a no-evidence summary judgment, the movant must establish that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant has the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the challenged elements. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). "[A] no-evidence summary

8

judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

*Governing Legal Principles*

It is well-established as a matter of public policy that "there should be a high degree of stability in the home and surroundings of a young child, and, in the absence of materially changed conditions, the disturbing influence of re-litigation [of conservatorship matters] should be discouraged." *Knowles v. Grimes*, 437 S.W.2d 816, 817 (Tex. 1969); *see* TEX. FAM. CODE § 153.001(a)(2) (declaring public policy of this state to "provide a safe, stable, and nonviolent environment for the child").

A trial court "may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child" if (1) the "circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed" since the date of the order at issue and (2) the modification would be in the best interest of the child. TEX. FAM. CODE § 156.101(a)(1)(A).

Similarly, a trial court may modify an order that "provides for the support of a child" if "the circumstances of the child or a person affected by the order have materially and substantially changed" since the date of the order at issue. *Id.* § 156.401(a)(1).

Changes in conservatorship or a child's primary residence constitute material and substantial changes that a trial court can consider in modifying child support provisions. *In re J.O.A.*, No. 14-14-00968-CV, 2016 WL 1660288, at *9 (Tex. App.—Houston [14th Dist.] Apr. 26, 2016, no pet.) (mem. op.). "[I]n child support decisions, the 'paramount guiding principle' of the trial court should always be the best interest of the child." *Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011).

"The change-in-circumstances requirement is a threshold issue for the trial court and is based on a policy of preventing constant re-litigation with respect to children." *Smith v. Karanja*, 546 S.W.3d 734, 738 (Tex. App.—Houston [1st Dist.] 2018, no pet.). "To demonstrate that a material and substantial change in circumstances has occurred, the evidence must show the conditions that existed at the time of the prior order as compared to the conditions that existed at the time of the hearing on the motion to modify." *In re K.D.B.*, No. 01-18-00840-CV, 2019 WL 4065276, at *7 (Tex. App.—Houston [1st Dist.] Aug. 29, 2019, no pet.) (mem. op.). Determining whether changed circumstances are material and substantial is fact-specific and "not guided by rigid rules." *Zeifman v. Michels*, 212 S.W.3d 582, 593 (Tex. App.—Austin 2006, pet. denied).

A trial court's "best-interest" determination is also fact-specific. It may be guided by such factors as:

(1) the desires of the child;

10

(2)  the emotional and physical needs of the child now and in the future;

(3)  the emotional and physical danger to the child now and in the future;

(4)  the parental abilities of the individual seeking custody;

(5)  the programs available to assist the individual to promote the best interest of the child;

(6)  the plans for the child by the individual or by the agency seeking custody;

(7)  the stability of the home or proposed placement;

(8)  the acts or omissions of the parent, or potential conservator, that may indicate that the existing relationship is not a proper one; and

(9)  any excuse for the acts or omissions of the parent or potential conservator.

*Mauldin v. Clements*, 428 S.W.3d 247, 269 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976)); *see also In re Doe 2*, 19 S.W.3d 278, 282 n.20 (Tex. 2000) (noting that intermediate appellate courts use *Holley* factors to ascertain best interest of child in conservatorship cases).

Our analysis of "best interest" is not limited to the factors above. Other factors also may be considered. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Moreover, not all of the factors above necessarily apply in every case. *Id.* In some instances, undisputed evidence of a single factor may be sufficient to support a "best interest" finding. *In re J.G.S.*, 574 S.W.3d 101, 122 (Tex. App.—Houston [1st Dist.] 2019, pet. denied).

11

*Analysis*

      1.    *Material and Substantial Change*

Here, Sanchez's motion for no-evidence summary judgment stated that Ramirez had "no evidence to support his contention that . . . [t]he circumstances of the child, [Ramirez], [Sanchez], or a party affected by the order to be modified [had] materially and substantially changed since the date of rendition of the order to be modified."

Ramirez argues on appeal that Sanchez judicially admitted the existence of a material and substantial change in circumstances in her counterpetition for modification. As a result, according to Ramirez, his burden to present evidence of such a change did not arise.

Generally, a party's pleadings do not constitute summary-judgment evidence, even if sworn or verified. *Weekley Homes, LLV v. Paniagua*, 646 S.W.3d 821, 827 (Tex. 2022). However, a party may plead itself out of court by pleading facts that affirmatively negate its cause of action. Stated differently, "judicial admissions in an opposing party's pleadings may be used as evidence to support [or oppose] a summary-judgment motion." *Id*. at 828.

"A judicial admission is a formal waiver of proof usually found in the pleadings or in a stipulation of the parties." *In re A.L.H*., 515 S.W.3d 60, 81 n.5 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). Assertions of fact, not pled in the

12

alternative, in the live pleadings of a party are regarded as formal judicial admissions and the admitting party may not dispute them or introduce evidence to the contrary. *Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983); *In re Spooner*, 333 S.W.3d 759, 764 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding [mand. denied]).

In the context of a suit to modify the parent-child relationship, this Court, and other courts, have held that a party's assertion of a "change of circumstances" in a petition constitutes a judicial admission of that same element asserted in the opposing party's similar pleading. *Obernhoff v. Nelson*, No. 01-17-00816-CV, 2019 WL 4065017, at *20 (Tex. App.—Houston [1st Dist.] Aug. 29, 2019, no pet.) (mem. op.).[1] Such a judicial admission establishes that element for a claim of modification and relieves the opposing party of the burden of proving it. *Id.* at *20; *In re A.L.H.*, 515 S.W.3d at 81 n.5; *In re A.E.A.*, 406 S.W.3d 404, 410 (Tex. App.—Fort Worth 2013, no pet.). "This rule is based on the public policy that it would be absurd and

---

[1]    S*ee In re A.L.H.*, 515 S.W.3d 60, 81 n.5 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Filla v. Filla*, No. 03-14-00502-CV, 2016 WL 4177236, at *5 (Tex. App.—Austin Aug. 5, 2016, pet. denied) (mem. op.) ("[W]ell-established case law provid[es] that an allegation in a pleading of a material and substantial change constitutes a judicial admission of the same element in the opposing party's claim for modification of the previous order."); *In re A.E.A.*, 406 S.W.3d 404, 410 (Tex. App.—Fort Worth 2013, no pet.).

manifestly unjust to allow a party to recover after he has sworn himself out of court by a clear and unequivocal statement." *In re A.E.A.*, 406 S.W.3d at 410.[2]

As set forth above, Ramirez and Sanchez filed competing petitions to modify the 2013 Order. Ramirez alleged in his petition that the "circumstances of [A.J.R.], a conservator, or other party affected by the order to be modified [had] materially and substantially changed" since the rendition of the 2013 Order.

Sanchez later alleged in her second amended counterpetition to modify, her live pleading at the time the summary judgment motion was considered, that the "circumstances and needs of the child or a person affected by the order [had] materially and substantially changed" since the rendition of the 2013 Order.

---

[2] We note that section 156.007 of the Family Code, "Certain Filings Not Admissions," was enacted in 2021 and became effective after the date the motion to modify in this case was filed, and also ruled upon. It provides:

> A party who files a motion to modify an order that provides for the appointment of a conservator of a child, provides the terms and conditions of conservatorship, provides for the possession of or access to a child, or provides for the support of a child based on a material and substantial change of circumstances may not be considered on that basis alone to have admitted a material and substantial change of circumstances regarding any other matter.

TEX. FAM. CODE § 156.007. This provision applies only to a motion to modify filed on or after the effective date of the act, September 1, 2021. *See* Act of June 4, 2021, 87th Leg., R.S., ch. 227, § 2–4, 2021 Tex. Sess. Law Serv. 506, 506. A motion to modify filed before that date, as here, is governed by the law in effect on the date the motion was filed and that law is continued in effect for that purpose. *Id.*; *see In re E.S.S.*, 658 S.W.3d 613, 617–18 n.1 (Tex. App.—El Paso 2022, no pet.); *see also In re M.C.C.*, 187 S.W.3d 383, 384 (Tex. 2006) ("A statute is presumed to be prospective in its operation unless expressly made retroactive.").

14

Thus, both parties' modification allegations required proof of a "change of circumstances" of the child, a conservator, or other party affected by the 2013 Order. *See* TEX. FAM. CODE § 156.101(a)(1)(A); *Obernhoff*, 2019 WL 4065017, at *20. Although Ramirez and Sanchez each sought different relief in their petitions, i.e., Ramirez sought to modify conservatorship and child support, while Sanchez sought to modify child support, their modification petitions each asserted a common essential element—a "change of circumstances." *See Obernhoff*, 2019 WL 4065017, at *20 ("Katie and Daron sought different relief in their petitions to modify the parent-child relationship; however, their modification claims contained a common essential element, i.e., each required proof of 'change of circumstances.'").[3]

We therefore conclude that Sanchez's assertion in her counterpetition of a "change of circumstances" constitutes a judicial admission of that same essential element of Ramirez's claim—which her no-evidence motion assailed. As a result, we agree with Ramirez that he was not required to present summary-judgment proof of this admitted fact. *See In re A.L.H.*, 515 S.W.3d at 81 n.5 (noting that judicial

---

[3]     *See also In re J.C.P.*, No. 14-21-00415-CV, 2022 WL 10227942, at *3–4 (Tex. App.—Houston [14th Dist.] Oct. 18, 2022, no pet.) (mem. op.) ("Father's allegation of a change of circumstances in his petition to modify constitutes a judicial admission of that same essential element in Mother's claim for modification of the parent-child relationship even though the parties did not request the same relief."); *In re L.C.L.*, 396 S.W.3d 712, 718–19 (Tex. App.—Dallas 2013, no pet.) (holding that mother's allegation of material and substantial change of circumstances in counterpetition to modify parent-child relationship constituted judicial admission of that same essential element in father's claim for modification, even though parties sought different relief).

15

admission is conclusive on party making it and "not only relieves his adversary from making proof of the fact admitted but also bars the party himself from disputing it" (internal quotations omitted)); *In re A.E.A.*, 406 S.W.3d at 410.

2. *Best Interest*

Sanchez also contended in her summary judgment motion that there was no evidence that it was in A.J.R.'s "best interest" to modify conservatorship, the right to designate his primary residence, or child support.

In response, Ramirez argued that the evidence Sanchez attached to her own summary judgment motion defeated her right to a no-evidence summary judgment.

The Texas Supreme Court has held that when a movant seeks summary judgment *solely* under Rule 166a(i) and attaches evidence to the motion, "that evidence should not be considered *unless it creates a fact question*." *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004) (emphasis added).

Here, Sanchez moved for a summary judgment solely under Rule 166a(i), the "no-evidence" rule, but attached evidence to her motion. We may only consider that evidence to the extent it creates a fact question. *See id.*; *Scurlock v. Pennell*, 177 S.W.3d 222, 224 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (considering evidence attached to motion brought solely under Rule 166a(i) "to the extent it create[d] an issue of material fact").

16

As described above, Sanchez filed a "Notice of Filing Amended Exhibits to [her] Motion for Summary Judgment," 13 days before the summary judgment hearing, stating that certain exhibits were "inadvertently filed with missing pages." She contemporaneously filed a business records affidavit and Child Custody Evaluation from the Harris County Domestic Relations Office (hereinafter, the "Evaluation").

"Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c). Generally, if nothing appears in the record to indicate that leave of court was obtained, it is presumed that the trial court did not consider any late-filed evidence. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). That presumption, however, is not absolute.

"[C]ourts should examine whether the record affirmatively indicates" that the late-filing was "accepted or considered." *B.C. v. Steak N Shake Ops., Inc.*, 598 S.W.3d 256, 260 (Tex. 2020) (internal quotations omitted). A trial court's recital in a summary judgment that it generally considered the evidence without any limitation is an "affirmative indication" that it considered late-filed evidence and "overcomes the presumption that the court did not consider it." *Id.* at 261.

Here, the trial court's summary judgment order states without any limitation that it considered "the motion, any response thereto, and . . . any evidence." *See id.*

17

We must therefore presume that the trial court considered, not only Ramirez's response, but Sanchez's own late-filed evidence. *See id.*

With respect to Child Custody Evaluations, section 107.112 of the Texas Family Code provides:

> Notwithstanding any rule, standard of care, or privilege applicable to the professional license held by a child custody evaluator, a communication made by a participant in a child custody evaluation is subject to disclosure and may be offered in any judicial or administrative proceeding if otherwise admissible under the rules of evidence.

TEX. FAM. CODE § 107.112(a); *see also In re D.W.*, No. 14-21-00574-CV, 2023 WL 141597, at *4 (Tex. App.—Houston [14th Dist.] Jan. 10, 2023, no pet.) (mem. op.) (child custody evaluation admitted into evidence in modification proceeding).

Here, the Evaluation states: "This child custody evaluation focuses on the *best interest* of the following minor child: [A.J.R.]." (Emphasis added.) The Evaluation reflects that A.J.R. was born in 2010, that, pursuant to the 2013 Order, Sanchez has the exclusive right to designate the primary residence of the child, and that A.J.R. lives with her.

The Evaluation also reflects, as pertinent to Ramirez's petition for modification, that Ramirez reported to the evaluator that, since 2013, his co-parenting relationship with Sanchez had "continued to disintegrate." Sanchez also discussed ongoing conflict with Ramirez.

In 2015, Ramirez and Sanchez engaged in a confrontation at a McDonald's restaurant. According to Ramirez, Sanchez became "angry, threatening and violent" in front of the child. *See Mauldin*, 428 S.W.3d at 269 (considering any emotional and physical danger to child). The incident escalated to the degree that Ramirez called for police assistance.

Sanchez stated to the evaluator that she had gone to the restaurant to confront Ramirez because he had said that he was bringing the child back early but then went to the restaurant. She admitted that there was a "heated verbal exchange" but denied any physical contact with Ramirez. She also admitted having slammed Ramirez's car door when he returned the child, but she denied having "kicked his car or caused any physical damage to it during this incident."

Ramirez stated that, shortly thereafter, Sanchez moved into an apartment with a boyfriend. Sanchez admitted to the evaluator that she lives with the boyfriend and that he is married to someone else. *See id.* (considering stability of home). She denied Ramirez's allegation that the boyfriend kept firearms in the apartment, but noted that the boyfriend had given her a Taser as a gift, which she had misplaced and "no longer knows where it is." *See id.* (considering physical danger to child).

Ramirez further stated to the evaluator that he felt "unsafe" going to the boyfriend's apartment to transfer the child. He noted that Sanchez had engaged in "aggressive" and "destructive behavior," including kicking his car. Ramirez

19

requested that he and Sanchez meet at a police station to transfer the child to one another for periods of possession. Although Sanchez initially agreed, she later refused. Accordingly, Ramirez was enlisting police assistance during exchanges of the child at the boyfriend's apartment. The evaluator noted a "substantial concern for the level of conflict" between Sanchez and Ramirez.

Sanchez stated that she provides A.J.R. with "food, shelter, education, medical care, and all of the necessities of life," which she did not detail. She noted that she plans to marry her boyfriend. *See id.* (considering stability of home).

Further, the Evaluation reflects that A.J.R. "is a healthy child with no special needs." *See id.* (emotional and physical needs of child). Ramirez detailed the activities that he and A.J.R. shared and described the tutorial programs and afterschool activities in which he planned to enroll the child. *See id.* (plans for child and programs available).

The Evaluation also shows that Ramirez discussed his ability to provide a stable home for A.J.R. *See id.* (stability of proposed placement). Specifically, Ramirez lives in a four-bedroom house with a fenced backyard, and his work schedule is flexible so that he can be available for A.J.R. *See id.* The child's paternal grandparents also live in the home. *See id.* Ramirez stated that A.J.R. desired to live with him and cited "numerous statements" in which A.J.R. had expressed fear of Sanchez and her boyfriend. *See id.* (desires of child).

20

We conclude that the Evaluation constitutes more than a scintilla of probative evidence of the "best interest" factors bearing on Ramirez's petition to modify conservatorship and the right to designate the child's primary residence. *See Chapman*, 118 S.W.3d at 751 (more than scintilla of evidence exists when evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions"); *Mauldin*, 428 S.W.3d at 269.

When, as here, there is some evidence supporting the challenged element, i.e., "best interest," a fact question necessarily exists. *See Chapman*, 118 S.W.3d at 751. We therefore conclude that the evidence submitted by Sanchez with her own motion for no-evidence summary judgment created a fact question on the "best interest" factors bearing on Ramirez's claims, thus precluding summary judgment. *See Binur*, 135 S.W.3d at 651.

Consequently, for all of these reasons, and taking as true all the evidence favorable to Ramirez, the nonmovant, and indulging every reasonable inference and resolving any doubts in his favor, as we must, we hold that the trial court erred in granting a no-evidence summary judgment on Ramirez's claims in his petition for modification. *See Dorsett*, 164 S.W.3d at 661.

We sustain Ramirez's second issue.[4]

---

[4] Accordingly, we need not resolve Ramirez's first issue in which he complains that he was not afforded proper notice to file his summary-judgment response. *See* TEX. R. APP. P. 47.1.

21

**Child Support**

In his eighth issue, Ramirez argues that the trial court "erred in calculating his child support" in its Final Order. According to Ramirez, the trial court failed to consider certain evidence adduced at trial on the factors in section 154.123 of the Family Code. *See* TEX. FAM. CODE § 154.123 ("Additional Factors for Court to Consider") (providing that, "[i]n determining whether application of the [statutory child support] guidelines would be unjust or inappropriate under the circumstances, the court shall consider evidence of all relevant factors, including: [list of factors]"). Ramirez thus requests that the case be remanded to the trial court for further proceedings on this issue.

Appellate courts have broad discretion to remand for a new trial in the interest of justice. TEX. R. APP. P. 43.3(b); *Miner Dederick Const., LLP v. Gulf Chem. & Metallurgical Corp*., 403 S.W.3d 451, 471 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). The Texas Supreme Court has noted that one circumstance meriting remand in the interest of justice is when a trial court's error prevented the full development and presentation of the evidence. *FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist*., 642 S.W.3d 829, 836 (Tex. 2022); *see, e.g.*, *Tex. Windstorm Ins. Ass'n v. Dickinson Indep. Sch. Dist*., 561 S.W.3d 263, 280 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("As the entire trial proceedings were premised on erroneous summary judgment orders, the more prudent course of action is to restore

22

the parties to the status quo at the time of the summary judgment rulings and begin anew.").

Here, the issues of conservatorship, the right to designate a child's primary residence, and child support are interrelated. A change in conservatorship or the right to designate the child's primary residence constitutes a material and substantial change that a trial court can consider in modifying child-support provisions. *See In re K.A.M.S.*, 583 S.W.3d 335, 346 (Tex. App.—Houston [14th Dist.] 2019, no pet.).[5]

We have concluded that the trial court erred in granting a no-evidence summary judgment on Ramirez's claims to modify conservatorship, to designate the primary residence of the child, and his request for child support. As a result, those claims must be remanded to the trial court for further proceedings.

This necessarily means that the entire presentation of the subsequent bench trial, on Sanchez's counterpetition to increase Ramirez's child support, was impacted by the erroneous no-evidence summary judgment. *See Tex. Windstorm*,

---

[5] *See also In re V.L.K.*, No. 02-10-00315-CV, 2011 WL 3211245, at *3 (Tex. App.—Fort Worth July 28, 2011, no pet.) (mem. op.) ("[A] change in custody of a child is, in and of itself, a material and substantial change."); *In re Doe*, 917 S.W.2d 139, 142 (Tex. App.—Amarillo 1996, writ denied) (when change in custody occurs, subsequent to decree providing for conservatorship and support, obligation to continue making support payments to former custodial parent is excused); *Labowitz v. Labowitz*, 542 S.W.2d 922, 925 (Tex. Civ. App.—Dallas 1976, no writ) (father's appointment as managing conservator of children constituted material and substantial change requiring reallocation of financial obligations).

23

561 S.W.3d at 280. Specifically, Ramirez was unable to develop his claims at trial. *See FieldTurf USA, Inc.*, 642 S.W.3d at 836.

Under these circumstances, these matters must be remanded to the trial court in their entirety. *See Tex. Windstorm*, 561 S.W.3d at 280–81 ("As the entire trial proceedings were premised on erroneous summary judgment orders, the more prudent course of action is to restore the parties to the status quo at the time of the summary judgment rulings and begin anew."). On remand, both parties will have a full and fair opportunity to present all of their claims and defenses. *See id*. This result best comports with the interest of justice. *See* TEX. R. APP. P. 43.3(b); *Tex. Windstorm*, 561 S.W.3d at 281.

We sustain Ramirez's eighth issue.[6]

### Attorney's Fees and Costs

In his third, fourth, and ninth issues, Ramirez challenges the trial court's award of attorney's fees and costs. In its Final Order, the trial court ordered Ramirez to pay Sanchez attorney's fees in the amount of $2,082.50 and also costs. An award of attorney's fees and costs in a suit affecting the parent-child relationship is within the trial court's discretion. *See* TEX. FAM. CODE §§ 106.001, 106.002. In light of our disposition of Ramirez's second and eighth issues, we conclude that the trial court

---

[6] We therefore do not reach Ramirez's sixth issue, in which he raises evidentiary complaints. *See* TEX. R. APP. P. 47.1.

24

on remand should have an opportunity to reconsider its award of attorney's fees and costs. *See Bruni v. Bruni*, 924 S.W.2d 366, 368–69 (Tex. 1996) (noting that trial court's judgment "may be significantly different" on remand and reversing attorney's fees for reconsideration).[7]

We sustain Ramirez's third, fourth, and ninth issues.

## Remaining Issues

Issues five and seven in Ramirez's briefing appear to be an afterthought. They are listed at the beginning of Ramirez's briefing and then are restated in a single sentence toward the end of his brief.

In his fifth issue, Ramirez asserts that the trial court erred in "proceeding with a final trial . . . after the order for summary judgment dismissed the case with prejudice." But Ramirez does not provide us with any substantive argument, legal authority, or record citation to support this contention. In his seventh issue, Ramirez asserts that the trial court erred in "granting [Sanchez's] requests for injunctions . . . after denying [his] requests for the same injunctions." But, again,

---

[7]     *See Lenz v. Lenz*, 79 S.W.3d 10, 21 (Tex. 2002) (reversing and rendering judgment granting parent exclusive right to determine children's primary residence and holding, "[i]n light of our decision today, the trial court should have an opportunity to reconsider the attorney's fees award"); *Guion v. Guion*, 597 S.W.3d 899, 912 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *In re B.N.G.*, No. 05-18-00091-CV, 2019 WL 3729506, at *12 (Tex. App.—Dallas Aug. 8, 2019, no pet.) (mem. op.) (reversing and remanding attorney's fees in light of conclusion that trial court erred in granting summary judgment for mother in modification proceeding).

Ramirez does not provide us with any substantive argument, legal authority, or record citation to support his contention.[8]

Appellate courts should reach the merits of an issue whenever reasonably possible. To enable an appellate court to do that, an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Stated differently, in order for an appellate court to be able to address an issue, the appealing party must argue the issue's substance. *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 214 (Tex. 2020).[9]

It is likewise settled that when the substance of an issue is not argued, that issue is waived and cannot be the basis for reversal. *See Time Warner Cable Tex. v. CPS Energy*, 593 S.W.3d 291, 296 n.28 (Tex. 2019).[10] That is the case here for Ramirez's fifth and seventh issues. *See Western Steel v. Altenburg*, 206 S.W.3d 121, 124 (Tex. 2006) (an appellate court should refrain from deciding cases on claimed legal error that is not preserved); *Allright, Inc. v. Pearson*, 735 S.W.2d 240, 240

---

[8]    In any event, the record shows, and Ramirez concedes, that the trial court granted substantively similar injunctive relief to what he requested.

[9]    *See, e.g.*, *Morrill v. Cisek*, 226 S.W.3d 545, 548 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

[10]    *See also Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 780 (Tex. 2021); *Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 321–22 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

26

(Tex. 1987) ("A point of error not preserved is not before the appellate court for review."). In any event, because of our resolution of Ramirez's other issues, these are not necessary to the disposition of this appeal. TEX. R. APP. P. 47.1.

## Motion for Enforcement

Lastly, Ramirez asserts that the trial court erred in dismissing his motion for enforcement. In his motion for enforcement, Ramirez alleged that Sanchez had failed to comply with the terms of the 2013 Order by interfering with Ramirez's periods of possession and access to the child. Ramirez requested that Sanchez be "held in contempt, jailed, and fined for each violation alleged" and that, upon her release from confinement, that she be placed on community supervision for a period of ten years.

It is well-established that courts look to the substance of a motion to determine the relief sought, and not merely to its title. *Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999). Here, Ramirez's motion for enforcement is, in substance, a motion for contempt. *See id.* After conducting a hearing, the trial court issued an order stating that the motion was "dismissed with prejudice."

"[T]he dismissal of a motion for contempt is not reviewable by direct appeal."[11] *In re A.C.P.*, No. 14-17-00896-CV, 2018 WL 6053503, at *1 (Tex.

---

[11] Moreover, "an order finding a party *not* in contempt is not a final, appealable judgment, and an appellate court has no jurisdiction over such an order." *In re Off. of Atty. Gen. of Tex.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, original

27

App.—Houston [14th Dist.] Nov. 20, 2018, no pet.) (mem. op.) ("We lack jurisdiction to review the dismissal of Father's request that the trial court use its contempt powers to punish Mother's alleged noncompliance with the divorce decree.").

Further, "[d]ecisions in contempt proceedings cannot be reviewed on appeal . . . even when appealed along with a judgment that is appealable." *In re Off. of Atty. Gen. of Tex.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig. proceeding) (quoting *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied)); *see also Marcus v. Smith*, 313 S.W.3d 408, 415 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

In such a case, we dismiss that portion of the appeal relating to the contempt proceeding. *Metzger v. Sebek*, 892 S.W.2d 20, 55 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (dismissing for lack of jurisdiction that portion of appeal relating to contempt proceeding). A contempt judgment is reviewable only by a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved). *In re Off. of Atty. Gen. of Tex.*, 215 S.W.3d at 916.

---

proceeding) (emphasis added); *see also Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985).

28

Because Ramirez brought his contempt-based complaints to this Court on direct appeal rather than by original proceeding, we dismiss this portion of his appeal for lack of jurisdiction. *See Francis v. Davis*, No. 01-19-00350-CV, 2021 WL 1375587, at *2 (Tex. App.—Houston [1st Dist.] Apr. 13, 2021, no pet.) (mem. op.); *Cline v. Cline*, 557 S.W.3d 810, 812 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Metzger*, 892 S.W.2d at 55.

## Conclusion

Accordingly, for all of the reasons above, we reverse the trial court's no-evidence summary judgment rendered in favor of Sanchez on Ramirez's petition for modification of conservatorship, the right to designate the child's primary residence, and child support, and we remand these matters to the trial court in all things for further proceedings consistent with this opinion. Additionally, we reverse that portion of the trial court's Final Order which modifies Ramirez's child-support obligation, and we remand that issue to the trial court in all things for further proceedings consistent with this opinion.

Finally, we dismiss for lack of jurisdiction the portion of Ramirez's appeal in which he challenges the trial court's order dismissing his motion for enforcement.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.